LAND, J.
In 1894 plaintiff sold to defendant sawmill company all the merchantable pine timber on certain lands in the parish of Bossier, at the agreed price of 75 cents per thousand feet.
Defendant commenced cutting said timber in December, 1894, and continued to do so until November 1, 1901.
During this time defendant rendered statements from time to time showing amount, in feet, log measure, of the timber cut on said lands and delivered at the mill, and paid for the same according to said measurement.
This suit was filed in December, 1901, and plaintiff charged that said statements were fraudulent as to measurement to the extent of 4,819,922 feet, representing the excess over and above the total quantity credited to plaintiff in said statements.
Plaintiff prayed for judgment for $3,897.93, representing the value of said excess at the contract price, and the value of trees cut for ties and cord wood.
For answer, the defendant averred that its measurements, accounts, and payments for the timber cut under the contract with plaintiff were true and correct; that said measurements were accepted by plaintiff’s husband and agent, who was for the most of the time president of the corporation, and was cognizant of said measurements and payments, and accepted the same without objection; and that plaintiff is now estopped to question the same.
The district judge handed down a written opinion, and rendered judgment in favor of plaintiff for $1,191.69, with interest from judicial demand, and costs.
Defendant appealed, and plaintiff, in her answer to the appeal, has prayed that the judgment be amended by increasing the amount to the sum sued for.
Plaintiff subscribed $5,000 to stock of defendant company, to be paid in timber.
Commencing December 31, 1894, she was credited by number of “feet sawed,” until May 30, 1895, when she was credited with “feet of logs cut,” and similar credits appear during June and July, 1895.
Subsequently the credits were for “timber cut.”
The stock was paid for in full on March 31, 1899.
After that date, and until November 1, 1901, when the statements terminate, cash was paid for the timber.
The memorandum annexed to the contract fixed the price at 75 cents per thousand standing, and the timber was to be “measured and estimated according to the Doyle rule.” In 1894 this was the legal scale. See Act No. 87, p. 111, of 1892.
In 1898 (Act 1898, p. 89, No. 64), the General Assembly of Louisiana adopted Doyle’s rule as the standard for the scale of measurement for saw logs, excepting cypress timber.
In the act the rule is thus stated:
“Take four off the diameter of the log and multiply the square of half of the remainder by the length of the log; divide the product by four; the quotient will show the number of feet contained in the log.”
Measuring a log 18 feet long by 16 inches in diameter according to the above rule, the quotient will be 162. This accords with the result in Scribner’s Lumber & Log Book, p. 72, and in the Woodman’s Handbook, p. 40.
According to the latter book, four inches are deducted for “slab,” and the writer says:
“It was originally intended that in the" use of this rule the average diameter of the log should be taken, but the usual custom is to measure the diameter inside the bark at the small end.”
On the contrary, Scribner says:
“It is customary in measuring logs to take the diameter in the middle of the log, inside the bark. This is obtained by taking the diameter at each end of the log, adding them together, and dividing by two.”
The writer of that book (page 71) says that Doyle’s log rule “gives fair and honest *399 measurements, alike just to both buyer and seller.”
We assume that these reasons induced the Legislature of Louisiana in 1898 to adopt said rule.
The parties to this suit in 1894 adopted the same rule, without qualification, and the district judge used it in the solution of the question of measurements. We do not think that he erred.
When the contention arose between the parties as to the correctness of the measurements set forth in the statements rendered to plaintiff by defendant, they employed one Whittington to go over 730 acres of timber land which had been cut over, and report the number of logs cut, their length, and diameters at each end. Whittington did the work, and made his report. On the basis of the measurements reported by him, and according to the Doyle rule, the difference in favor of plaintiff is 1,588,924, which, at 75 cents per thousand feet, makes $1,191.09, the amount allowed by the judgment of the lower court. The enormous difference between yard count and mill scale, as shown by defendant’s books for 1897 and 1898, largely exceeding, in every month but one, the usual difference, points to a radically erroneous system of measurement.
The judge a quo said as to the other claims of the parties:
“It is considered that the offsets on both sides, outside of the above 1,588,924 feet, are so near equal as to compensate each other.”
The judge also ruled that plaintiff, a married woman, was not estopped by receiving payments on an open account, based on erroneous measurements, of which she knew nothing.
He also held that it was impossible to determine from the evidence how much timber was cut on other lands of the plaintiff, aggregating 1,111 acres.
AVe concur in the conclusions of our learned Brother of the district court, and therefore the judgment appealed from is affirmed; defendant to pay costs of appeal.
BREAUX, C. J., concurs in the decree.