(43 South. 387.)

No. 16,350.

FOSCUE v. BLACK BAYOU LUMBER CO.

(March 18, 1907.)

LOGS AND LOGGING—MEASURING TIMBER.

The strict Doyle rule, according to which, in measuring timber, long or short, only one diameter is taken, and that at the small end, is statutory in this state.

(Syllabus by the Court.)

Appeal from First Judicial District Court, Parish of Caddo; Thomas Fletcher Bell, Judge.

Action by John W. Foscue against the Black Bayou Lumber Company. Judgment for defendant, and plaintiff appeals. Reversed.

Alexander & Wilkinson, for appellant. Hall & Jack, for appellee.

PROVOSTY, J. In March, 1899, plaintiff sold to defendant all the pine timber 14 inches and over in diameter on his land at 50 cents per 1,000 feet, and gave defendant the right to construct a tramroad through the land, and allowed defendant eight years for removing the timber. Payment for the timber was to be made, $200 cash, and the balance at the end of each month for the timber taken during the month.

In the making of this contract defendant was represented by one Grogan. When 909,-000 feet had been taken, for which $454.95 had been paid, Grogan notified plaintiff that he was through cutting; and plaintiff, from that moment, understood that the contract was at an end. This was in February, 1900.

A year or two after this the defendant constructed the tramroad referred to in the contract. The securing of a right of way for this tramroad had been the main object of defendant in entering into this contract; the purpose being to reach a large body of timber which defendant had on the other side of plaintiff's land.

The cross-ties for the construction of this tramroad were taken by defendant from the land of plaintiff, to the number of 2,272; also, after this road had been constructed, that is to say, between July, 1902, and 1904, defendant removed from the land of plaintiff the timber below 14 inches in diameter.

Plaintiff now sues defendant on the theory that the contract had terminated, and that defendant was a trespasser. But there can be no doubt, from the evidence, that Grogan was without authority to terminate the contract, and that therefore the contract had eight years to run from its date, March, 1899.

However, it did not authorize defendant to take the timber below 14 inches in diameter; and hence defendant must settle for this timber according to its market value, and not according to the contract.

This value we fix at 75 cents per 1,000 feet. The timber was taken after the tramroad had been constructed, and, whatever it may have been worth before, it was worth at least that much after the tramroad had been constructed and had made it readily accessible. The situation is not to be viewed as if the tramroad had been constructed for the purpose of removing this timber, in which case the cost of the building of the road would have had to enter into the price, but is to be viewed from the standpoint of a sale of the timber made after the road had been constructed. We do not believe that plaintiff would then have been willing to take less than 75 cents for the timber, and we believe defendant would have been willing to pay that much.

We do not fix the price higher because small timber is less valuable, and because we are satisfied of defendant's good faith in supposing that the limitation of 14 inches had been placed in the contract solely for the purpose of relieving the purchaser from the obligation of taking such small timber, leaving him free, however, to take it if he de-

sired, and that therefore this small timber was in reality included in the contract. While we thus believe in defendant's good faith, we cannot help finding it strange that the timber should have been taken without any offer of payment to plaintiff.

The quantity of timber taken plaintiff has sought to prove by one witness, who had gone over the ground and made a computation of the timber, on the basis of the distance between the stumps and the tops and of the diameters of the stumps and tops.

There is a peremptory reason why this computation must be put aside. It was made according to the Doyle-Scribner rule, by which the mean diameter of the log is taken; whereas, the strict Doyle rule, by which the diameter of the log at the small end must be taken, is statutory in this state. Act No. 147, p. 231, of 1900. The court is bound to enforce this rule, though admittedly unfair in the case of long timber. The Woodman's Handbook (Bulletin 36, Bureau of Forestry, U. S. Dept. of Agriculture), at page 12, has the following:

"In measuring long logs, which are to be cut into short logs before being sawed into boards, the diameter is usually not taken at the small end alone."

We shall base our judgment on the scalage at the mill. Though it would seem to have been made with a good deal of liberality to the defendant, yet it was honestly made, and is doubtless approximately right, according to the strict Doyle rule. It was accepted by the timber haulers, in whose presence it may be said to have been made, and also by the cutters; and since for the first cutting plaintiff settled with defendant on the basis of the scalage at the mill, without further examination, we do not see why he should not settle on the same basis for the second cutting, especially that there does not seem to be any other basis available.

The scalage at the mill shows 648,118 feet, which, at 75 cents per 1,000, makes $486.08.

The value of the timber taken for the cross-ties is shown to have been not more than 2 cents per tie, which for 2,272 ties makes $45.44.

The evidence shows also that defendant left a good deal of the timber on the ground. All such timber thus left behind did not, as a matter of course, figure in the scalage at the mill. The witness estimates this lost timber at at least one acre of the timber. This would make about 5,000 feet. We think plaintiff is entitled to judgment, also, for this lost timber, or say $3.75.

At the commencement of the suit defendant tendered to plaintiff, and deposited in court subject to the order of plaintiff, $425, and plaintiff took judgment for that amount; and that judgment is now final. That amount must therefore be deducted from the judgment now rendered in favor of plaintiff. The amount of the present judgment is $535.26. Deducting $425, leaves $110.26, for which plaintiff is now entitled to judgment.

The learned district judge took the same view of the case, except with respect to the price of the timber. This difference necessitates the setting aside of his judgment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that plaintiff, John W. Foscue, have judgment against defendant, Black Bayou Lumber Company, in the sum of $110.26 and costs in both courts.