(69 South. 840)

No. 21252.

PETER et al. v. OWL BAYOU CYPRESS CO.

In re OWL BAYOU CYPRESS CO.

(June 29, 1915. Rehearing Denied Oct. 18, 1915.)

*(Syllabus by the Court.)*

1. LOGS AND LOGGING ☜10—MEASUREMENT OF TIMBER—DOYLE RULE.

The statute adopting the Doyle rule as the formula for measuring timber in this state did not prescribe that the diameter of the logs should be measured only at the small end.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 19–28; Dec. Dig. ☜10.]

2. LOGS AND LOGGING ☜10—MEASUREMENT OF TIMBER—"DOYLE RULE."

The Doyle rule, being only a formula for computing the board measure from the dimensions of a log, has nothing to do with the place or manner of measuring the diameter.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 19–28; Dec. Dig. ☜10.]

3. LOGS AND LOGGING ☜10—MEASUREMENT OF TIMBER — AGREEMENT — PROVINCE OF COURTS.

The place and manner of measuring the diameter of forest timber is subject to the agreement of the parties interested in the log scale; and, in the absence of an agreement, it is the province of the courts to determine how and where the diameter shall be measured so as to give fair and accurate results.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 19–28; Dec. Dig. ☜10.]

4. LOGS AND LOGGING ☜10—MEASUREMENT OF TIMBER—DIAMETER OF LOG.

As the quantity of lumber that can be sawed the full length of a log is determined and controlled by the diameter at the small end of the log, that diameter alone should be measured in computing the board measure of sawlogs. On the other hand, it is correct to take the average or mean diameter in measuring long timber that has to be cut into sawlogs for the mill.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 19–28; Dec. Dig. ☜10.]

Certiorari to Court of Appeal, Parish of Tangipahoa.

Action by George Peter and others against the Owl Bayou Cypress Company. Judgment for plaintiffs, and defendant applies for certiorari or writ of review. Affirmed.

R., C. & S. Reid, of Amite City, for applicant. Ponder & Ponder, of Amite City, for respondents.

O'NIELL, J. The plaintiffs sued to recover the value of 99 cypress trees said to measure 97,267 feet, at $10 per 1,000 feet; which were taken by the defendant from the plaintiffs' land. The defendant acknowledged taking the timber, but alleged that it was done unintentionally, by a mistake in the boundary of the defendant's land, and that only 76 trees were taken, having an average of 350 feet per tree, or 26,600 feet in all, worth only $2.50 per 1,000 feet. The district court rendered judgment in favor of the plaintiff for $680.86; that is, for 97,267 feet of timber at $7 per 1,000 feet. On appeal to the Court of Appeal, the conclusions of the district judge that the defendant had taken 99 trees and that the timber was worth $7 per 1,000 feet, were affirmed; but the log scale showing 97,267 feet, made by the plaintiffs' witnesses, was rejected, because it was based upon the average or mean diameter, instead of the top diameter, of each tree. It was observed that this court had held, in the case of Foscue v. Black Bayou Lumber Co., 118 La. 725, 43 South. 387, that the Doyle rule, which was the statutory rule for measuring timber in this state, required that the diameter should be measured at the small end of the log. The defendant had scaled only 26 of the logs at the mill, showing that they contained only 291 feet to the log. Assum-

ing that these were whole trees, and not cuts, the Court of Appeal applied their average contents to the 99 trees, and gave judgment in favor of the plaintiff for $201.66; that is, for 28,809 feet of timber at $7 per 1,000 feet. On rehearing the Court of Appeal adopted the defendant's average of 291 feet per tree for the 26 trees measured by the defendant, and the plaintiffs' average of 982 feet per tree for the remaining 73 trees, and rendered judgment in favor of the plaintiffs for $554.76; that is, for 79,252 feet of timber at $7 per 1,000 feet.

The case is before us on a writ of review issued at the instance of the defendant. The plaintiffs have not applied to have the amount of the judgment increased, nor do they complain that there is any error in it. Therefore, although it is unreasonable to believe that the 99 trees averaged 982 feet to the tree, and that 26 of them, taken at random, averaged only 291 feet to the tree, we are not called upon to make any correction ·as to the measurement of 7,566 feet in the 26 trees measured by the defendant.

After a careful examination of the record, we affirm the conclusions of the district court and Court of Appeal as to the number of trees taken by the defendant from the plaintiffs' land and as to the value of the timber per 1,000 feet.

The important question presented is whether the diameter of the logs should have been measured only at the small end, or the mean diameter should have been ascertained.

[1, 2] The Doyle rule is only a formula for computing the number of square feet of one-inch lumber in a log, or the board measure, viz.:

$$\left(\frac{D''-4}{4}\right)^2 \times L' = \text{B. M.}$$

It is stated thus: Subtract 4 from the number of inches in the diameter of the log; divide the remainder by 4; square the quotient; multiply the result by the number of feet in the length of the log; and the product will be the number of square feet of one-inch lumber in the log, or its board measure. The formula may be written thus:

$$\left(\frac{D''-4}{2}\right)^2 \times \frac{L'}{4} = \text{B. M.}$$

Here the diameter, less 4 inches, is divided by 2, instead of 4, and the square of the quotient is multiplied by one-fourth of the length of the log. This is the form in which the rule is stated in the statute adopting it. It is obvious that either formula will produce the same result, since the square of one-half is equal to four times the square of one-fourth of a given number.

The Doyle rule was first adopted as the statutory method of measuring timber in this state by Act No. 87 of 1892, providing that it should apply to pine timber only. By Act No. 64 of 1898 it was made to apply to all timber, except cypress; and by Act No. 147 of 1900 it was adopted for all timber, including cypress. The Scribner-Doyle rule has been adopted by Act No. 108 of 1914, which, without furnishing a definition or explanation of the rule, makes it a criminal offense to attempt to use any other rule or log scale on any seller, contractor, or employé. This last statute, however, was not in effect until after the trial of this suit, and therefore has no application to the case, except in so far as it may aid in the interpretation of the previous statutes and decisions of this court referring to the Doyle rule.

In the case of Bulkley v. Whited & Wheless, 113 La. 396, 37 South. 5, it was intimated that the Doyle rule and the Scribner rule referred to the place where the diameter of the log should be measured; that is, that the Doyle rule required that the diameter should be taken at the small end of the log, and that the Scribner rule required that it should be measured at both ends and the sum divided by 2 to obtain a mean diameter. It was said that it was originally intended that

the Doyle rule should be applied to the mean diameter, but that it had become customary to apply it to the diameter at the small end of the log, inside the bark.

In the case of Foscue v. Black Bayou Lumber Co., 118 La. 725, 43 South. 387, it was declared to be unfair to compute the board measure of a log by applying the rule or formula to the diameter taken only at the small end of the log, in measuring long timber. Quoting from the Woodman's Handbook (Bulletin 36, Bureau of Forestry, U. S. Dept. of Agriculture) p. 12, it was said:

"In measuring long logs which are to be cut into short logs before being sawed into boards, the diameter is usually not taken at the small end only."

In this latter case it was said that the Doyle-Scribner rule required that the mean diameter of the log should be taken, but that the strict Doyle rule required that the diameter should be measured only at the small end of the log; and it was held that the Doyle rule, being statutory, had to be enforced, notwithstanding its unfairness regarding the diameter of long timber.

It is probable that the interpretation put upon the Doyle rule by this court is what prompted the Legislature to adopt Act No. 108 of 1914, making it a criminal offense for the purchaser of timber to measure it according to the Doyle rule, or any other than the so-called Doyle-Scribner rule.

[3] As a matter of fact, the Doyle rule, being only a formula for computing the board measure of a log from its dimensions, has no more to do with the manner or place of taking the measurements than the multiplication table has. The manner and place of measuring the diameter of logs is subject to the agreement of the parties interested in the measurement. Some contracts stipulate that the diameter shall be measured at the small end of the log, and some provide that the mean diameter shall be taken. Some stipulate that it shall be measured inside the bark, and others that the measurement shall be taken from the inside of the bark on one side to the outside of the bark on the opposite side of the log; and others even provide how the diameter shall be measured when the logs are not round. In the absence of an agreement, it is the province of the court to determine how logs shall be measured so as to do justice between the parties concerned.

[4] In determining the board measure of short timber or sawlogs, as they are called, the diameter must be measured at the small end, because the quantity of lumber that can be sawed the full length of a log is controlled by the diameter at the small end. But to measure the diameter only at the small end of long timber that has to be cut before being sawed into lumber—especially tapering logs like cypress—is not fair to the person selling it. When the Doyle rule was figured out, only circular saws were used, and an allowance was made for a greater loss in sawdust than occurs in a modern band mill. The 4 inches subtracted from the diameter in the Doyle rule was allowed for the loss in slabs, a large proportion of which is now made into laths and other by-products. It is a matter of general knowledge that, in consequence of inventions that have been made since the Doyle rule was invented, the lumber tally of a modern sawmill always exceeds the log scale. And this has had its effect upon the price of timber.

Our opinion is that in the measurement of long timber it is fair to both parties interested to take the mean diameter of the log, and that it is not fair to the seller to measure the diameter only at the small end. Taking the mean diameter was the proper method of measuring the logs in this case, the average length of which was 48 feet. The Doyle rule does not require that the diameter of a log shall be measured only at the small end; nor has any statute of this state pro-

vided that timber must be so measured. The decisions cited above are affirmed in so far as they hold that it is not fair to the seller to measure the diameter of long timber only at the small end; but, in so far as they hold that the Doyle rule or the statute adopting that rule required that the diameter had to be measured only at the small end, they are overruled.

The fact that the plaintiffs' measurements were computed on the mean diameter was no reason for rejecting their measurements entirely, as was done in the first judgment rendered by the Court of Appeal. All of the measurements were put down in columns, representing: (1) The length of each log; (2) the butt diameter; (3) the top diameter; (4) the mean diameter; and (5) the board measure, according to the Doyle rule. If the Doyle rule or the law forbade taking the mean diameter, it would be an easy matter for the court to apply the formula to the top diameter and determine the board measure accordingly.

We have checked the plaintiffs' figures, and find two slight errors in their favor and two in favor of the defendant. A log measuring 17 in. x 52 ft. is said to contain 939 feet, and another measuring 23 in. x 62 ft. is said to contain 1,460 feet. The figures should be 549 and 1,399 feet b. m., respectively. These errors, amounting to 451 feet, are offset 150 feet by the fact that a log measuring 24 in. x 50 ft., containing 1,250 feet b. m., is put down at 1,100 feet, and it is further offset 100 feet by an error in the addition of the column representing the board measure of all the timber. The net difference of 201 feet b. m., or $1.40, is fully compensated by the fact that the defendant was given the benefit of all fractions in the mean diameters. Our conclusion is that the judgment of the Court of Appeal is correct.

The judgment is affirmed at the cost of the defendant, relator.