wife the custody and control of their minor children. The judgment is supported by uncontradicted evidence, making absolute proof, that the defendant defamed his wife and treated her so cruelly that her living with him became intolerable. No argument has been made, or reason advanced, for annulling the decree.

The judgment appealed from is affirmed at appellant's cost.

=====

(84 South. 166)

No. 22369.

TAFT v. BROWN.

(March 1, 1920. ' Rehearing Denied April 5, 1920.)

*(Syllabus by Editorial Staff.)*

LOGS AND LOGGING ⊙⟶10(3)—PROOF OF LOG SCALE NOT INDISPENSABLE TO SHOW AMOUNT OF LUMBER.

The introduction in evidence of a log scale showing the computation of the quantity of lumber in logs of given dimensions is not indispensable in proving the amount of lumber in logs, in view of Act No. 87 of 1892, Act No. 64 of 1898, and Act No. 147 of 1900, adopting the Doyle Rule for measuring the lumber in logs.

Appeal from Tenth Judicial District Court, Parish of Concordia; N. M. Calhoun, Judge.

Action by Charles P. Taft against George M. Brown. From a judgment for plaintiff, defendant appeals. Judgment annulled, and suit dismissed.

Dale, Young & Dale, of Vidalia, for appellant.

G. P. Bullis, of Vidalia, for appellee.

O'NIELL, J. Plaintiff sued for $2,361.82 damages for timber alleged to have been taken by defendant from plaintiff's land and from the land of a neighbor, whose claim plaintiff had bought. Defendant denied having taken the timber. The case was tried by a jury, who rendered a verdict in favor of plaintiff for $25. Defendant has appealed; and plaintiff, answering the appeal, prays that the amount of the judgment be increased to the sum sued for.

The evidence that defendant's employés took the timber is only circumstantial. He bought a plantation, in a run-down and dilapidated condition, adjoining plaintiff's land, and employed several men to repair the buildings and fences on the place. The men used approximately 63,000 feet of hewn cypress for the work. As there was very little cypress timber on defendant's place, plaintiff assumes that the men took the trees or logs from the adjacent timber lands. Our conclusion from the testimony, which is somewhat conflicting, is that the logs that were used in repairing the buildings and fences were on defendant's plantation when he bought it. They had floated there during the overflows of the river, many years before, and could not have been identified with the land on which they had grown, when defendant's employés converted them into fence posts, rails, and roofing boards.

There were 12 such logs in the field, the average size of which was 40 inches by 15 feet. There were 11 logs that had been in use for some purpose at the cotton gin, of the average size of 36 inches by 20 feet; and about 50 logs outside the fence, on the open land, about 30 of which logs were used in the repair work.

Plaintiff's counsel contends that it cannot be determined how much lumber was made from the logs found on defendant's land because no log scale was introduced in evidence. We presume that by "log scale" is meant a printed table showing the computation of the quantity of lumber in logs of given dimensions. Such a table would save us some trouble, in the way that an interest table helps the discount clerk in a bank; but it is not indispensable. The number of feet of lumber, or board measure, in a log of given dimensions, is determined by mathematical calculation. The formula, known as the

Doyle Rule, is this: Subtract 4 from the number of inches in diameter of the log; divide the remainder by 4; square the quotient; and multiply the result by the number of feet in the length of the log. The product will be the board measure, or number of boards an inch thick and a foot square, contained in the log. See Act 87 of 1892; Act 64 of 1898; Act 147 of 1900; Peter v. Owl Bayou Cypress Co., 137 La. 1067, 69 South. 840; and State v. Rathbone, 144 La. 842, 81 South. 336.

According to the Doyle Rule, the 23 logs, of which the dimensions are stated, gave an average of 1,246 feet per log; and, accordingly, the 53 logs found on defendant's plantation produced about 66,000 feet of lumber; that is, about 3,000 feet more than the estimate of lumber used in his repair work.

Plaintiff's attorney contends that the verdict of the jury is based upon the proof that one log on plaintiff's land, near the line, had been recently made into roofing boards. The evidence showed that the tree had been felled many years, and there was no proof that defendant's employés cut it up. Though the jury may have come to that conclusion, it would not justify a verdict for $25.

Our conclusion from the evidence is that the plaintiff failed in his proof.

The judgment appealed from is annulled, and it is ordered that plaintiff's demand be rejected and his suit dismissed at his cost.