No. ——

First Circuit Appeal

COLUMBUS PITRE v. C. R. SHORT LUM-
BER CO.

(Dec. 30, 1924, Opinion and Decree.)
(Feb. 18, 1925, Rehearing Refused.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Timber—Par. 10.**
The equitable method to measure saw logs
is to use the mean diameter.

2. **Louisiana Digest—Evidence—Par. 53.**
Where there is no evidence to show
whether, in measuring logs, an allow-
ance was made for bark, the doubt is
resolved against plaintiff who must
prove his case.

Appeal from the Parish of Vernon, Hon.
Hal A. Burgess, Judge.

This is a suit to recover the cost of tim-
ber cut through error and for which an
agreement has been made but there is a
disagreement as to method of computation.
There was judgment for plaintiff and de-
fendant appealed.

Judgment reduced and affirmed.

W. W. Thompson, of Leesville, attorney
for plaintiff and appellee.

S. I. Foster, of Leesville, attorney for
defendant and appellant.

LECHE, J. The only question involved
in this case is the proper manner of com-
puting the measurement of saw logs. Cer-
tain timber belonged to plaintiff but through
error, was cut and taken by defendant. De-
fendant has agreed to pay and plaintiff has
agreed to accept twelve dollars per M
for the timber thus cut and taken.

The cause of action in this case is very
similar to that of Peter et al. vs. Owl Bayou
Cypress Co., according to the statement of
facts recited in that decision as reported
in 137 La. 1067, 69 South. 840. It was
held in that case that in the absence of
any express agreement to the contrary, it
is fair to both parties to take the mean
diameter of the log and that it is not fair
to the seller to measure the diameter only
at the small end. The mean diameter is
obtained by measuring the diameter at
the large end and the diameter at small
end by adding the two diameters together
and by dividing the total by two.

That was the method pursued by plain-
tiff in obtaining his measurements in the
present suit. It is equitable to both par-
ties and it is sanctioned by the cited de-
cision. The method adopted by defendant,
which is said to be in accordance with
the custom of many timber buyers, was to
measure the diameter at the small end and
to increase that diameter by 2 inches
every 16 feet regardless of the actual size
of the increasing diameter in the direc-
tion of the lower or larger end of the
tree.

The latter method rests more or less
upon mere estimates, while the first is
based upon real and actual measurements.

The District Judge was of the opinion
that plaintiff's computation was more in
consonance with fairness and in that view
we fully concur.

Appellant calls our attention to the
fact that the measurements taken by plain-
tiff include the bark and that according to
the system of measurements upon which
plaintiff relies, it is conceded as "usual to
allow, on account of the bark, for oak
1-10th or 1-12th part of the circumference;
for beech, ash, etc., less should be allowed".

The actual measurements of the ends of
the logs were made in person by Winfree
on behalf of plaintiff, and Funderburk on
behalf of defendant. The other two wit-
nesses Welsh and Short merely wrote the
figures as they were called by Winfree
and Funderburk. But Winfree and Fun-
derburk disagree as to whether the bark
was included in taking the measurements,

and we have no other means of ascertaining whether it was or not. It was encumbent upon plaintiff to prove the correctness of his claim and to show with certainty that the measurements were taken inside the bark and as he has failed to do so, the doubt must be resolved against him. A deduction of 1-12th, in the absence of evidence as to the kind of trees measured should be a fair compliance with the rule.

We believe that a deduction of 1-12th should be made from plaintiff's measurements and that the amount of plaintiff's claim should accordingly be reduced from three hundred and fifty-two 17/100 dollars to two hundred and twenty-seven 56/100 dollars.

For these reasons the judgment appealed from is amended by reducing the amount thereof from three hundred and fifty-two 17/100 dollars to two hundred and twenty-seven 56/100 dollars and as thus amended it is ordered that said judgment be affirmed appellee to pay costs of appeal.