ELLIS, Judge.
Plaintiffs filed this suit in which they allege that they were the owners of Lot No. 364 in North Oak Lawn Subdivision of the Parish of St. Tammany, and that the defendant had cut 90' large pine trees measuring 13 to 16 inches in diameter two feet from the ground of a value of $1,530 and accordingly prayed for judgment in said amount.
The plaintiff filed an exception of no cause or right of action to the defendant’s reconventional demand, which was overruled by the lower court.
After trial the lower court was of the opinion that the plaintiffs had failed to substantiate their claim and that the defendant, plaintiff in reconvention, although he had proven that the plaintiffs had trespassed on his property had failed to prove with any degree of certainty the number of trees cut and removed by the plaintiff, and accordingly rendered judgment dismissing the main and reconventional demand, all at plaintiff’s cost.
Both parties have appealed.
It is unnecessary to discuss the main demand of the plaintiff as counsel in his brief and argument before this court admitted the correctness of the judgment of the district court in dismissing his demand, however, he reurges his exception of no cause or right of action to the reconventional ■demand. In view of the decision we have reached as to the merits of the reconven-tional demand, we are not going to discuss this exception, however, we are of the opinion that the district court was correct under the ruling of the Supreme Court in the case relied upon by the district judge of Rigney v. Monette, 45 La.Ann. 940, 13 So. 201.
As to the reconventional demand, we are of the opinion, after a careful consideration of all the testimony in the record and particularly that of Champagne, the surveyor, Milton Charbreck, Adolph Char-breck and Eddie Davis, that the defendant has fully proven that the plaintiffs trespassed on Lot No. 365 and cut 199' trees which, in addition to the testimony of these witnesses, is shown by the actual tally sheet. However, nowhere in this record can we find the lengths of the logs cut. We only have the number of stumps and the diameter of the stumps, although in defendant’s brief on the reconventional demand he apparently inserts the lengths of the logs. However, from a careful search of the records we, do not find anything to substantiate his figures for the lengths. The defendant in his brief cites LSA-R.S. 55:111, which merely states that “The standard rule for the measurement of saw-logs in this state is the ‘Scribner-Doyle’ rule or scale.” This does not relieve one from the necessity of having the length of the log as well as the diameter in order to arrive at the board feet.
Counsel also cites Taft v. Brown, 146 La. 877, 84 So. 166. In this case the diameters as well as the lengths of the logs were proven.
The testimony of Milton Charbreck was that the plaintiffs trespassed, and he was one of those who helped cut the timber for the plaintiffs. Also, the testimony of Adolph Charbreck, is to the effect that he did some timber cutting on plaintiffs’ land but frankly admits in the testimony that they got over the line on Lot 365 and his testimony is positive that the stumps that were checked by Champagne, the surveyor, were the stumps of the trees that he and his brother cut for the plaintiffs. He based this positive testimony upon a mark which he termed a “smooth blaze” on each stump, which was put there by him and his brother at the time the trees were cut.
*11 The testimony of William Charbreck on behalf of the plaintiff was that the line established by plaintiff as being the boundary between his lot and Lot 364 and Lot 365 on which the defendant claims the plaintiff trespassed was incorrect according to the surveyor’s line, established as the boundary between the two lots. He testified that when he walked through the property involved, evidently 'shortly before the trial, there were two lines established and the line that they cut the timber on was beyond the line established by the surveyor, thus showing a trespass on Lot 365 at the time the plaintiff intended to cut his timber on Lot 364.
In view of the failure of the defendant, plaintiff in reconvention, to fully establish his claim by sufficient testimony upon which to base a definite judgment, it is ordered that the judgment of the district court be and the same is hereby affirmed.