## G. A. BLASS *v.* GREGOR & WILSON.

To maintain an action for a malicious prosecution, the plaintiff must prove: 1st. That he has been prosecuted by the defendant either criminally or in a civil suit, and the prosecution is at an end. 2d. That it was instituted maliciously and without probable cause. 3d. That he has thereby sustained damage.

Malice is a principal ingredient in the offence, and its proof is indispensable as a prerequisite to a recovery.

The proof of malice need not be direct, it may be inferred from circumstances ; and the want of probable cause is presumptive evidence of malice, subject, however, like all presumptions, to be rebutted.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*L. M. Day*, for plaintiff.   *Race & Foster*, for defendants and appellants.

DUFFEL, J.   This is an action for $10,000 damages, for a willful and malicious arrest and imprisonment, without any probable cause.   The jury, after hearing the case, returned a verdict of $1000 for the plaintiff, and the defendant, after an unsuccessful motion for a new trial, appealed.   The plaintiff was arrested on the following affidavit : " The State of Louisiana, First District, city of New Orleans. *The State* v. *Gabriel Angelo Blass.*   Personally appeared before me, *George Y. Bright*, Recorder of the First District of the city of New Orleans and Justice of the Peace, duly commissioned and sworn, *William A. Wilson*, No. 3 Camp street, who being duly sworn, doth depose and say : that on or about the 30th day of November, 1855, at No. 3 Camp street, in this district and city, a man named *George Wilson, alias William Wilson*, obtained from deponent, who is one of the firm of *Gregor & Wilson*, by means of false and fraudulent representations, and under false pretences, one gold watch and chain, one opal finger-ring and one diamond breastpin, all valued at two hundred and twenty-seven dollars belonging to said firm of *Gregor & Wilson*.   Therefore, deponent charges said *George Wilson, alias William Wilson*, with obtaining goods under false pretences, and by means of false and fraudulent representations, contrary to the statute made and provided, and against the peace and dignity of the State ; and from information received, deponent has good reason to believe that the aforesaid breastpin and finger-ring, valued at about fifty dollars, were received by the bar-keeper of the steamboat Frank Lyon, whose name is unknown to him, knowing them to have been fraudulently obtained, and that the said bar-keeper, although requested to do so by deponent, refused to return the said breastpin and finger-ring to deponent. Wherefore deponent charges said bar-keeper with being an accessory after the fact, to the obtaining of the said goods in said fraudulent manner, by said *George Wilson, alias William Wilson*, all against the peace and dignity of the State, (signed) *W. A. Wilson.*   Sworn to and subscribed before me, this 19th day of December, 1855, (signed) *George Y. Bright*, Recorder of the First District."

It appears that the clerk of the Frank Lyon bought of said *George Wilson*, who was a passenger on said boat, the day after the above articles had been so procured, the breastpin and finger-ring described in the affidavit, for $25, and sold the same to the plaintiff, on the same day, for the same amount.   *George Wilson* had exhibited to the clerk the receipt which he had obtained from the defendants, and which showed that he had paid a larger amount for the same.   The plaintiff was aware of the circumstances under which the clerk had acquired those articles. The day after, the clerk and plaintiff were informed, by telegraphic dispatch, of

the manner in which *Wilson* had obtained those objects. It does not appear that the plaintiff disclosed the fact that he had those articles, or offered to return them to the defendants, before being called upon to do so; but when they were claimed by one of the defendants, the answer was, "that he did not have the breastpin with him, having heard that there was some difficulty about it, he had left it in Vicksburg." He said, however, that he could get possession of the breastpin, and agreed " to deliver him that and the ring, if *defendant, Wilson* paid him what he stated he had paid for them," the defendant refused to pay anything.

It further appears, that *George, alias William Wilson,* was apprehended and convicted of the offence. The defendant, *Wilson,* called first on a member of the bar and stated that he had ascertained that a portion of the property obtained by *George Wilson,* was in the possession of the bar-keeper of the steamboat Frank Lyon, and that he wanted to know how he could get them back; he was told " by going up to *Recorder Bright* and making affidavit of the facts as narrated by him to witness, and that he would then issue a search-warrant for them." The defendant did not inform witness that the bar-keeper had offered to give him up the articles on his refunding the amount paid for them, nor did he advise further with him. We next see the defendant, *Wilson,* in the office of the Recorder. He made to *Recorder Bright* and to *Capt. Moynan* the statement above related, and added the fact that the bar-keeper had offered to return to him the articles on receiving back the amount which he, the plaintiff, had paid for them; whereupon the Recorder said, that " he thought, as the bar-keeper was informed that the articles had been feloniously obtained, and refused to give them up, that he thought that there were good grounds for an affidavit, but that he (*Wilson*) had better consult his lawyer." Witness *Seymour* says, that the defendant *Wilson* stated to him the circumstances related by the first witness, and that he "had been advised by his counsel to make an amicable demand for this property, and asked witness to go with him to the boat for that purpose;" and we have seen above the result of this amicable demand. It seems that the affidavit was made on the above circumstances, and that the plaintiff was thereupon arrested and kept confined in the lock-up, for about six hours, when he was released on bond for his appearance on the next day. On the next day, another counsel of the defendants having ascertained that the charge made against the plaintiff could not be substantiated, advised the defendant, *Wilson,* to dismiss the prosecution and to institute a civil suit for the recovery of the articles; whereupon the prosecution was dismissed without going into the examination of the case.

It also appears, that the defendant *Gregor* was absent from the State during the above proceedings before the Recorder, and that he subsequently authorized *William Holmes* to compromise the affair for $250, agreeing to pay all the expenses; and as to the defendant *Wilson,* he is represented as a gentleman of mild and kind disposition, possessed of sterling virtues.

To maintain an action for a malicious prosecution, the plaintiff must prove: 1st. That he has been prosecuted by the defendant, either criminally or in a civil suit, and the prosecution is at an end. 2d. That it was instituted maliciously and without probable cause. 3d. That he has thereby sustained damage. Greenleaf on evidence, vol. 2, § 449. There can be no question as to the prosecution, and its termination; and we will assume the absence of a sufficient cause, as we do not think the decision of this point necessary to arrive at a final determination of the case. Malice is the principal ingredient of the offence, and its proof is indispensable, as a prerequisite, to a recovery. Greenleaf, vol. 2, § 453. The proof of

malice need not be direct; it may be inferred from circumstances; and the want of probable cause is presumptive evidence of malice, subject, however, like all presumptions, to be rebutted.

The history of the case, as given above, seems to us to repel all idea of a malicious intent, and indicates clearly that the defendants acted in good faith and without gross negligence, under what they considered to be the advice of counsel and of the Recorder. Greenleaf, vol. 2, § 459. And when we consider the good character of the defendant *Wilson*, (the other defendant being a nominal defendant,) and the policy of the law, which is to bring the guilty to the bar of justice, we conclude that the motives of the defendants were pure, and that no malice has been proved. 3 R. 18; 9 R. 388; 12 An. 53 and 332, and 11 An. 289.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed and annulled; and it is further ordered and adjudged, that there be judgment rejecting the demand of plaintiff, with costs in both courts.

Land, J., absent.