The opinion of the court was delivered by
Fenner, J.
Plaintiff filed this suit, claiming damages for violation of a contract of sale of defendant’s professional practice and good will in the city of New Orleans, on February 5, 1891.
On February 27, 1891, defendant filed an answer of general and special denials. No further proceedings were taken until February 1, 1892, when defendant filed a supplemental answer containing a re-conventional demand. The latter set forth a claim for damages for malicious prosecution and arrest, and alleged that the plaintiff resided out of the parish of Orleans.
So matters stood for nearly a year, when, on January 6, 1893, plaintiff filed a rule on defendant to show cause why the supplemental answer and reconvention should not be stricken from the record on the ground that it “ changed the nature of the defence from an action ex contractu to an action ex delicto, and that the same is not permissible in law.”
No action was taken on this rule until February 2, 1893, when, the cause being set for trial before a jury which had been empaneled, the rule was argued and submitted to the judge, who made the same absolute, to which the defendant reserved his bill of exceptions.
The case, thus shorn of the reconventional demand, went to trial before the jury, resulting in a verdict and judgment against defendant for $500, from which the latter has appealed.
We think the judge erred in striking out the reconventional demand. Although both plaintiff and defendant resided, at the date of institution of the original suit, in the city of New Orleans, it is admitted that the.plaintiff subsequently removed to the parish of Pointe Ooupee and was residing there at the time when the reconventional demand was filed, and so remained when the case was tried.
Art. 375 of the Code of Practice, after defining the nature of demands which may be pleaded in reconvention and declaring that *942 they must be “ necessarily connected with and incidental to the main action,” proceeds to establish the following exception: “ Provided, that when the plaintiff resides out of the State, or in the State, but in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with or incidental to the main cause of action.”
The obvious purpose of the proviso is to establish a common forum for -the settlement of legal controversies between the same parties of whatever nature, and to dispense a defendant who has been impleaded in the court of his domicil, from the necessity of seeking his adversary in a different forum in order to propound a coexistent cause of action against him.
Counsel for plaintiff contends that the right to file such a demand in reconvention must be determined according to the conditions existing at the inception of the suit, and that, as both parties then resided in New Orleans, such an independent demand could never be filed in that suit.
As we look at it, the question of the forum must depend on the conditions existing at the time when the demand is filed. That is certainly the ordinary rule. Defendant, desirous of -bringing suit on a demand against the plaintiff, found that the latter, though still prosecuting his own suit against defendant at the latter’s domicil, had himself withdrawn to a different jurisdiction, and the question presented was whether he was bound to follow him there, or whether, under Art. 475, O. P., he could compel him to answer in the forum which he had himself invoked. Defendant then found himself sued by a plaintiff who resided “in a different parish from defendant,” and, in that case, the law expressly authorized him “ to institute a demand in reconvention against him for any cause,” and to have their differences settled at one time and by the same court. The parties stood in the precise case for which the law provided and all the reasons underlying its precept were fully applicable. Suppose the plaintiff had removed to a different State, would the defendant have been bound to follow him there, because at the inception of his suit he resided here? We think not; and the law making no difference between residence in a different State and residence in a different parish, we can make none. The mere fact that defendant’s cause of action arose after the institution of plaintiff’s suit seems to *943 us of no moment. His right existed at the time when he filed his reconventional demand and the only question was as to his right to prosecute it in the forum in which plaintiff was suing him. There is no complaint of the tardiness of his demand or that it delayed or interfered with the progress of plaintiff’s suit. On the contrary, the reconventional demand rested in court for eleven months before the trial of the case and before even the motion to strike it out was made. We can see no possible reason under such circumstances why the counter-claims between the parties should not have been tried and decided together. The defendant had the right to such a trial, and without considering the merits of the verdict and judgment we think justice requires that the case should be restored to the status quo before trial, and that all the issues should be heard and determined together.
It is therefore adjudged and decreed that the verdict and judgment appealed from be avoided and reversed, that the defendant’s supplemental answer and reconventional demand be reinstated and the case be remanded to the lower court for further proceedings accoz-ding to law, appellee to pay cost of appeal.