Davis vs. Stuart et al.

## No. 11,556.

### AARON DAVIS VS. W. H. STUART ET AL.

Allegations in a suit, it is charged, were libelous and caused damage for which the defendant should pay.

The suit in which the allegations were made was not terminated in favor of plaintiff in the court in which it was brought.

The funds set aside for the payment of debts of a succession were transferred to another tribunal to abide the result of a judgment.

At the time of the transfer plaintiff (who could have objected to the transfer) was not a party to the suit in the court to which the funds were transferred.

The plaintiff abandoned the first suit (that in which the allegations complained of were made) and sought payment by rule in the tribunal to which the funds had been transferred and left the issue in the first suit untried.

A plaintiff can not maintain an action for the malicious prosecution of a civil suit until after the legal termination in his favor of the suit complained of.

The rule *supra* may be said to be subject to exception. Plaintiff's cause does not fall within the exception.

In addition, the allegations complained of, even if the suit had been finally decided in plaintiff's favor, do not recommend themselves as having given cause for action in damages.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Carroll & Carroll* for Plaintiff and Appellant.

*Joseph Brewer* and *Chrétien & Suthon* for Defendants and Appellees.

The opinion of the court was delivered by

BREAUX, J. The defendants, individually and as testamentary executors, opposed an account presented by the administrator of the succession of Myra Clark Gaines, and objected to the payment of a large sum to plaintiff.

The claim was evidenced by a promissory note drawn by the partnership of John Klein & Co. to plaintiff's order.

The late William Stuart, father of the defendants, was a member of that firm.

The note was secured as to its payment by a pledge consisting in part of a judgment obtained by W. H. Wilder against William Wallace Whitney, administrator for the estate of Myra Clark Gaines, and the transfer of a bond, both amounting to twenty thousand dollars, to be paid by preference to secure claim of Klein & Co., due by W.

H. Wilder for thirteen thousand and fifty-five dollars, bearing interest at eight per cent. from October 14, 1890, and ten per cent. attorneys' fees and costs, amounting, at the time the note was made and the pledge was transferred to plaintiff by Klein & Co., to sixteen thousand and eighty-six dollars and eighty-six cents.

John Klein & Co. transferred to plaintiff the note and the pledge they held.

The plaintiff alleges that it was the duty of the executors of William Stuart to assist him in collecting the amount due from the succession of Myra Clark Gaines under the judgment pledged to him to secure the payment of the note, but that instead they interposed an opposition in the District Court, and therein declared under oath that he had no real or actual interest in the sum of money he claimed, or in the judgment in question; that it was transferred to him as a mere convenience; that it was a simulation in the interest of John Klein, or of some other person unknown to them, and that the opponents further declared that the signature of William Stuart to the assignment of the Wilder judgment to the plaintiff was made or signed under duress, and in error and without knowledge of what he was signing.

It is charged that the filing of the opposition containing substantially the foregoing averments and the unwarranted course of opponents were a slur and reflection upon plaintiff, and that the denial of the validity and genuineness of his promissory note and pledge prevented him from exercising his right of pledge and from selling the judgment pledged. That he was compelled to employ counsel to protect and vindicate his good name and represent him on the trial of the opposition.

Plaintiff further avers that before the opposition had been acted upon by the court a suit was filed by the three executors of the Stuart estate, personally and as executors, against John Klein, Mrs. Sarah L. Shotwell and others, in Division " C " of the District Court, over which Judge Monroe presides.

That on the trial of the opposition judgment was rendered in the Division "D," over which Judge Rightor presides, directing that the administrator of the succession of Myra Clark Gaines should place the amount of sixteen thousand two hundred and sixty-six dollars and sixty-three cents as due plaintiff, subrogee of John Klein & Co., in the registry of the Civil District Court to await the judgment of

Division " C " of that court as to whom the sum belonged and was payable.

That the administrator was willing to pay the amount to him provided the opponents consented.

That he had borrowed money on the note as a security, and that the lender demanded payment and threatened prosecution to enforce payment, thereby greatly distressing and embarrassing him; that he explained to opponents the facts and circumstances connected with the consideration he had given for the note, informed them that he was pressed by his creditors and offered to furnish them bond and security against loss or damage, but that the opponents refused to consent to payment of the amount, and that he was in consequence compelled to employ counsel to take further proceedings in his behalf.

That he filed a rule in the case of Succession of William Stuart vs. John Klein *et al.*, and, after setting up such of the foregoing facts as were necessary to be averred, he suggested to the court that the amount due by the succession of Myra Clark Gaines, which has been transferred to him, deposited as aforementioned, was due and should be paid to him.

That the executors of the Stuart succession and other parties in interest were ordered to show cause why he should not be paid. That all other parties were willing that he should be paid, and joined him in the rule. That, owing to the opposition of the executors of the Stuart succession, who also opposed payment personally, he was compelled to introduce testimony in support of his claim. He charges that the action of the defendants was arbitrary, wicked and malicious; that they acted in bad faith; that they insinuated under oath that he would take part in and lend himself to the perpetration of fraud and wrong and take part in illegal acts. That they swore to false statements without evidence against him, and without making proper inquiry in the premises; that they were guilty of libel.

That, after full hearing on the rule, judgment was rendered in his favor for the amount he claimed.

He refers to his honorable name in the community and to the anguish and sufferings to which he was subjected by the charges made. He did not know how long it would be before he would have an opportunity to vindicate his good name. He feared that in the meantime his standing and reputation would suffer.

Davis vs. Stuart et al.

He avers that he has been subjected to loss of time and trouble for which defendants are responsible, also for the attorneys' fees which he has paid, and for the anxiety of mind and injury to his feelings directly caused by false and malicious allegations, averments and libel, and that they should be condemned to pay him vindictive damages.

| | |
|---|---:|
| For loss of time and trouble he claims | $500 00 |
| Attorneys' fees | 750 00 |
| Anxiety of mind and injury to feelings | 500 00 |
| Vindictive and punitive damages | 1,000 00 |

The foregoing sets forth plaintiff's ground of action, to which the defendants excepted and urged that plaintiff's petition disclosed no cause of action.

Judgment was rendered maintaining the exception, from which plaintiff appeals.

The defendants' counsel argues that the allegations of the opposition of which the plaintiff complains presented issues before the court in which the opposition was filed that were decided against him, and that he acquiesced in the decision.

We do not infer from the allegations of plaintiff's petition that the issues between him and the defendants were directly determined in Division "D," in which court the opposition containing the alleged offensive averments were filed. That court, however, after hearing the parties, did not pass upon the issues presented. The court had the funds deposited to await the decision of another court in a suit in which the plaintiff was not a party. No appeal was taken from the judgment. The proceedings were closed by the decree. Neither of the parties sustained their claims in Division "D" to the amount involved. The fact remains that the plaintiff had the right to vindicate his good name, if injured, by opposing the transfer and insisting upon trial in the court in which the opposition was filed. He did not, in the first court, the court in which the opposition was filed, successfully controvert opponent's position. The funds claimed, in so far as the record discloses, were transferred without objection to another court, to await a judgment in a suit to which the plaintiff was not even a party. The plaintiff confirmed the correctness of the court's action by filing a rule in the suit of Stuart ex rel. vs. Klein et al., in Division "C" (to which he had not previously been a party), and claiming the funds transferred. It is not alleged that the defendant reiterated the alleged offensive allegations in answer

to the rule. Thus, in a different court, upon other issues, the plaintiff recovered the amount of his note and pledge. The suit was not terminated in favor of the plaintiff in the court in which it was brought.

That the suit must have been prosecuted to the end before right of action for a malicious prosecution of a suit could arise is sustained by several decisions of this court.

It is true that they were rendered in cases in which conservatory writs had been issued, as in the case of Murphy vs. Redler, 16 An. 1; a similar rule was announced in an injunction. The Butchers' Union and Slaughterhouse Company vs. Howell, 37 An. 280, 282. The principle applies.

In a number of jurisdictions it is well settled that a person can not sustain an action for damages caused by a suit against him until after a legal termination of that suit in his favor. Wood vs. Laycock, 3 Met. Ky. 192; O'Bryan vs. Barry, 106 Mass. 380; Green vs. Moore, 29 Cal. 644.

Text writers announce exception to this rule when, for instance, the defendant has control of the issues of the suit in which the libel was committed.

There is nothing of the kind here and the case does not fall within any of the exceptions.

We have not limited our examination to the point just decided. The *graavmen* of plaintiff's complaint is that the allegations in the opposition of defendants were libelous and malicious.

By alleging in their opposition that the signature of William Stuart to the assignment and subrogation of the Wilder judgment to the plaintiff, was made or signed under duress and in error, without knowledge of what he was signing, it is not charged that the plaintiff, Davis, was a party to the alleged duress and wrong.

The payee of a note and the owner of a pledge of which a firm are the makers and pledgors may have acted in good faith. It is not charged that he, plaintiff, was a party to the alleged tort. The imputation of wrong-doing is not brought home to the plaintiff.

The simulation alleged presents an issue of which a creditor may properly complain if recklessly and maliciously made.

But an attentive consideration of the facts set forth has not convinced us that the opposition contained declarations injurious and damaging to the plaintiff for which he should recover an amount. It

is not shown by the allegations that plaintiff has sustained some particular damage.

" It is not enough, however, for the plaintiff to declare generally that the defendant brought an action against him *ex malitia et sine causa per quod*, but he must allege and show the grievance specially. Otherwise parties would be constantly involved in litigation trying over cases that may have failed upon the mere allegation of false and malicious prosecution.   McNance vs. Minke, 49 Maryland, 122.

It is not manifest that the opponents, defendants here, availed themselves of the occasion to gratify malice and ill will, nor that the allegations were calculated to cause great mental anguish.

These actions have never been much favored.   A clear case must be alleged to enable a plaintiff to sustain the charge that the forms of justice have been perverted to satisfy private malice.   Laville vs. Biguenaud, 15 An. 606.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed at appellants' costs.