(55 South. 663.)

. No. 18,833.

W. B. THOMPSON & CO. v. GOSSERAND.

In re W. B. THOMPSON & CO.

(May 22, 1911.    Rehearing Denied June 26, 1911.)

*(Syllabus by the Court.)*

1. COURTS (§ 207*)—SUPREME COURTS—SUPERVISION OVER INFERIOR COURTS.

Article 94 of the Constitution gives this court plenary power of control and general supervision over inferior courts.  And in the exercise of this power the court will issue its writs in its discretion, according to the exceptional features of each case submitted.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 613, 615; Dec. Dig. § 207.*]

2. SET-OFF AND COUNTERCLAIM (§ 34*)—CLAIM IN RECONVENTION.

Under article 375 of the Code of Practice, a defendant cannot reconvene and claim from plaintiff, residing in another parish, damages for an alleged libel in a pending suit.  He must await the termination of the suit in which he alleges himself to have been libeled, before he can file his demand in damages.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 56, 57; Dec. Dig. § 34.*]

Action by W. B. Thompson & Co. against J. P. Gosserand.  Judgment for defendant, and plaintiff applies for writs of certiorari and prohibition.   Writ of prohibition granted.

Hewes & Smith and Caffery, Quintero, Gidiere & Brumby, for relator.   Claiborne & Kearney, Albin Provosty, Hewitt Bouanchaud, and Wm. C. Carruth, for respondent.

SOMMERVILLE J.  The relator, domiciled in Orleans parish, filed a suit in the parish of Pointe Coupee, against defendant, J. P. Gosserand, domiciled there, alleging that he was indebted to relator in a large sum, represented by promissory notes, for which a judgment was prayed.

The defendant answered, setting up the defense of want, failure, and illegality of consideration for said notes, and fraud in obtaining them, and making oath to his answer, prayed for a trial by jury.

The attorneys for relator thereupon filed a motion asking that the trial by jury be disallowed, on the grounds that the averments in the answer were untrue, to the knowledge of affiant, the defendant.  This motion was overruled by the district judge. Thereupon the defendant filed a supplemental answer, setting up, as a reconventional demand, that he had been libeled by the charge that the sworn averments of his answer were untrue, and asking for judgment, before a jury, for the ensuing damages in the sum of $50,000.  The district judge indorsed an order on the reconventional demand, directing that same be tried at the same time and before the same jury with the original demand.  Relator thereupon presented to the judge of the trial court an exception in the following language:

"That said order is in excess of the jurisdiction of this honorable court, inasmuch as a demand for damage for libel cannot be cumulated with the trial of the suit in the course of which said libel was alleged to have been uttered, and as the parties must await the termination of the suit before any such cause of action can arise, after which appearers would be entitled to defend said reconventional demand as an original suit at their domicile, in the parish of Orleans.

"That said order is also in excess of the jurisdiction of the honorable court, on the ground that the so-called reconventional demand constitutes a new issue, which has come into existence since the filing of this suit, changing the original relief asked for, and constitutes a new defense, and for that reason cannot be heard now."

This exception was overruled by the district judge; hence the present application for prohibition, to test the regularity of the proceedings in the trial court.

It is well settled that a cause of action for damages for malicious prosecution does not come into existence until the termination of the prosecution; the theory being that the prosecution may terminate unfavorably to the plaintiff claiming damages therefrom, in which event the court would have uselessly given time to the admeasurement of the plaintiff's damages.  We have decided in the

recent cases of Lescale v. Schwartz, 116 La. 293, 40 South. 708, and of Lebovitch v. Levy (decided April 10, 1911) 54 South. 978, that such rule also applies to libel cases springing from civil proceedings. Davis v. Stuart, 47 La. Ann. 378, 16 South. 871; Brown v. Vittur, 47 La. Ann. 607, 17 South. 193; A. & E. Enc. of Law, vol. 19, p. 681; Burkett v. Lanata, 15 La. Ann. 337; Blass v. Gregor & Wilson, 15 La. Ann. 421.

[2] Article 375 of the Code of Practice, under which the trial judge claims to have ruled, is as follows:

"In order to entitle the defendant to institute a demand in reconvention it is requisite that such demand, though different from the main action, be, nevertheless, necessarily connected with and incidental to the same; as, for instance, the demand instituted by the possessor in good faith against him who sues in order to evict him or for the purpose of obtaining the payment of the improvements made on the premises: Provided, that, when the plaintiff resides out of the state, or in the state, but in a different parish from the defendant, said defendant may institute a demand in reconvention against him for any cause, although such demand be not necessarily connected with, or incidental to, the main cause of action."

And article 377 is:

"In all cases of reconvention, the defendant may plead it either as an exception in his answer to the principal demand, or institute a distinct and separate demand before the court in which the main action is pending; and the original plaintiff shall be bound to answer without pleading to the jurisdiction of the court, even if he has his domicile elsewhere, provided the court be competent."

These articles confer jurisdiction upon the court in which a suit is pending to entertain a reconventional demand based upon any cause of action whether germane to the principal demand or not, where the plaintiff resides out of the state, or in the state, but in a different parish from the defendant.

Under these articles, the cause of action must be in esse, and not a mere embryonic cause of action, or one in nubibus, or dependent for its completion upon something in futuro.

Under these articles, a defendant is not allowed to anticipate a cause of action, and incumber the plaintiff's suit therewith, and thereby deprive the plaintiff, suing away from his domicile, of the right of being sued thereon in his own parish. To give articles 375 and 377 the effect claimed for them here would force a plaintiff, made defendant in reconvention, to defend, out of its natural sequence, a claim which may never have existence.

The decision in the case of Rigney v. Monette, 45 La. Ann. 940, 13 South. 201, cited by respondent, is not contrary to this finding. In that case the defendant, in his supplemental answer, sued plaintiff for damages for malicious prosecution, alleging that "respondent was honorably discharged * * * and that said prosecution is ended and determined;" and we held that defendant might reconvene in the court where he had been impleaded, and claim damages from plaintiff who resided in another parish, because of a malicious prosecution which had been terminated. Such is not the case here.

The trial judge has misinterpreted the decision just referred to; he has erred on a question of practice, exceptional in its nature and scope, and to the great injury of relator; and, in the interest of the orderly administration of justice, we are constrained to grant relief to relator. State ex rel. Sorrel v. Foster, Judge, 106 La. 425, 31 South. 57, and authorities there cited.

Let a writ of prohibition issue herein, directed to L. B. Claiborne, judge of the Twenty-First judicial district court, prohibiting him from entertaining jurisdiction of the reconventional demand filed March 8, 1911, by J. P. Gosserand, for damages for libel in his supplemental answer, in the cause entitled W. B. Thompson & Co. v. J. P. Gosserand, No. 1,799 on the docket of the Twenty-First judicial district court.