## ROBINSON MERCANTILE CO. v. FREEMAN et al.

### No. 1686.

Court of Appeal of Louisiana. First Circuit.

March 5, 1937.

Talley & Richardson, of Bogalusa, for appellants.

Borron, Owen & Borron, of Baton Rouge, for appellee.

DORE, Judge.

Robinson Mercantile Company, a Mississippi corporation, plaintiff in the main demand,. defendant in reconvention, instituted a revocatory action to set aside and cancel a mortgage given by Mrs. Mary E. Freeman, one of the defendants in the main action, to her son, Edwin (Ehpraim) H. Freeman, another defendant in the main action, covering certain immovable property situated in East Feliciana parish, of date of October 27, 1932, which said property was included in and covered by a mortgage held by the plaintiff and which said mortgage had been executed prior to the mortgage attacked, but recorded subsequently thereto. All of the allegations of fraud and insolvency necessary to sustain the revocatory action are made against the defendants Mrs. Freeman and her son.

The defendants filed a joint answer wherein they admit the execution and recordation of the mortgage dated October 27, 1932, but aver that it was given and accepted in good faith, for a valuable consideration, and is in all respects a valid and legal mortgage. They further answered, and by way of reconventional demand claimed damages against the plaintiff in the main demand in the total sum of $20,000 predicated on alleged libelous and slanderous allegations made in the petition against them by plaintiff in charging fraud, insolvency, conspiracy, and dishonesty, and which action is still pending.

Plaintiff in the main suit, defendant in reconvention, filed an exception to the reconventional demand on the ground that this demand, if any, was premature, in that a demand for libel or slander cannot be cumulated with the trial of the suit in the course of which the libel or slander is alleged to have been made, until the termination of the main suit, and that the reconventional demand disclosed no cause or right of action against plaintiff until it is first determined in the main suit whether or not these alleged libelous statements made in the petition are justified.

There was judgment on trial of the exception, maintaining the exception, and dismissing the reconventional demand of defendants as in case of nonsuit. From which judgment defendants in the main demand, plaintiffs in the reconventional demand, have appealed. It appears that the main demand is still pending, and of course no appeal is before us in regard thereto.

## Jurisdiction of this Court.

It was suggested in argument that this court might not have jurisdiction of this appeal, as the amount of the reconventional demand is in excess of the jurisdiction of this court on a claim of this kind, and in view of the fact that no judgment has been rendered and no appeal taken on the main demand.

There is no question but that this court has jurisdiction of the main demand on appeal on a judgment therefrom. In accordance with section 1 of article 7 of the Constitution, this court has jurisdiction on a reconventional demand, regardless of the amount of the demand. See Jung & Sons Co. v. Trosclair, 139 La. 321, 71 So. 524; Monjure v. Cousins, 160 La. 208, 106 So. 785; Heard v. Monroe Sand & Gravel Co., 165 La. 925, 116 So. 386; Klump v. Fontenot, 167 La. 327, 119 So. 66. The fact that the appeal is before us only on the reconventional demand does not alter or change the situation, as one of the purposes of this provision in the Constitution is to make the main demand the basis for determining to which court the appeal shall be, whether the appeal be taken from the judgment on the principal and reconventional demand or from either, and whether by the plaintiff or the defendant or by both. See Louisiana State Rice Milling Co., Inc.. v. Gage, 162 La.

350, 110 So. 555. We are satisfied that this court has jurisdiction of the appeal.

■ Under article 2315 of our Civil Code, it is now well settled in this state that a litigant may be held responsible in damages for defamatory and libelous allegations made by him in his pleadings reflecting on the honesty and good character of his adversary, where such allegations are made maliciously and without probable cause. See Lescale v. Schwartx Co., Ltd., et al., 116 La. 293, 40 So. 708; Sabine Tram Co. v. Jurgens et al., 143 La. 1092, 79 So. 872.

■ It is also well settled in the jurisprudence of this state that an action for libelous statements made by a party litigant cannot be maintained until the proceeding in which such allegations are made has terminated, as the cause of action does not arise until the party making the allegations has had the opportunity of proving the truth of the allegations in the proceedings in which they are made. See Manuel v. Deshotels et al., 160 La. 652, 107 So. 478. And it is also well settled in our jurisprudence that an action for defamatory allegations cannot be made the basis for damages by a reconventional demand until the final termination of the main demand, and that such claim for damages are premature; that the claim for damages comes in esse only after the litigant making the charges has been given an opportunity to prove them in the suit in which they are made and has failed to make such proof. See Howard v. Coyle et al., 163 La. 257, 111 So. 697; Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663.

In the case of Thompson v. Gosserand, supra, the Supreme Court held that a defendant against whom defamatory allegations had been made by the plaintiff, residing in another parish, could not reconvene in the suit in which the allegations were made and recover damages therefor, notwithstanding articles 375 and 377 of the Code of Practice giving the defendant the right to reconvene against a plaintiff residing in another parish of the state, or in another state, for any cause. The court had under consideration an exception identical with our exception under consideration. The exception was maintained and the reconventional demand was rejected. The theory under which that case was decided is that the cause of action arising from the libel was not in esse when the reconventional demand for damages was filed, for the reason that the suit in which the allegations were made had not been determined; and consequently defendant, at the time of filing his reconventional demand, had no cause of action to assert against the plaintiff who resided in another parish.

Learned counsel for defendant strenuously contends that this reasoning of the court in the cited case is erroneous, for the reason that the cause and right of action arise when the libelous matter is published; that the damages accrues from the very moment that the defamatory statements are made; and, under article 2315 of the Civil Code, the person defamed is given a right at that time to require the person causing the damage to repair it; that the plaintiff in this case has submitted himself to the courts of this state; and that it would be a hardship upon the defendants to have to go to another state to maintain this action. There is considerable force in this argument. It might further be argued that the truth or falsity of the libelous statements might be tried and determined along with the other matters at issue on the main demand to the same extent and in the same manner that the different issues are tried and determined in any other case where the defendant is allowed to file a reconventional demand for any cause of action against a nonresident who sues in a court of this state. The fault or act causing the damage is the making and publishing of the defamatory statements and not the subsequent proof of their truth or falsity; if they were false when made, the damage accrued at that time and not at the time when they were proven false.

■ But we are compelled to follow the law as interpreted by the highest court of the state. If there is to be a change in the interpretation of the law as given in the cited case, it must come from the highest court of the state. Following this case, we must reach the conclusion that defendants had no existing cause of action against plaintiff when they filed their reconventional demand for damages; and therefore were given no rights under the quoted articles of the Code of Practice to sue the plaintiff on a cause of action which had not yet arisen.

For these reasons, the judgment sustaining the exception of plaintiff is hereby affirmed.