AYRES, Judge.
This cause is before this court pursuant, to the issuance of writs of certiorari, mandamus, and prohibition. The purpose of' the issuance of these remedial writs is to' review the propriety of the action of the-trial court in overruling an exception of' no cause or right of action to that portion-of a reconventional demand made by defendant for damages predicated upon an-alleged defamation arising out of the allegations and filing of this, an alleged “unjustified,” suit.
This is an action on an open account for $3,580.43, representing the alleged purchase-price of certain valves and other parts of machinery allegedly sold and delivered to-defendant for use in the operation of defendant’s oil wells. In answer to this demand, defendant admitted the purchase of certain of the merchandise to the extent of $1,070.21, for which it had tendered its; check in payment, but denied the purchase-of the remainder of the merchandise, consisting primarily of the valves which it contended were placed with it on trial.
In reconvention, defendant sought to recover of plaintiff damages in the sum of $6,872.50, representing expenses purportedly incurred in an attempt to make the valves function, and the further sum of $50,000.00’ as damages allegedly occasioned “by the-unjustified filing of this suit.”
An exception of no cause or right of action directed especially to the demand for damages for the alleged defamation was-overruled. In this, plaintiff contends the-court erred in that no cause of action existed upon which the reconventional demand may have been predicated. More specifically, plaintiff’s position is that no cause-of action for defamation arising out of the-allegations in a suit exists so long as the suit is pending.
Plaintiff’s position is well-founded. The rule is well established in the jurisprudence of this State that a cause of action- *180 for defamatory statements set forth in the pleadings of a civil action does not arise or come into existence until final determination of such suit, and, therefore, a claim for damages for an alleged libel set forth in the pleadings may not form the basis for a reconventional demand in the pending suit. Carnes v. Atkins Bros. Co., 123 La. 26, 48 So. 572 (1909); W. B. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663 (1911); Wolf v. Royal Ins. Co., 130 La. 679, 58 So. 507 (1912); Manuel v. Deshotels, 160 La. 652, 107 So. 478 (1926); Howard v. Coyle, 163 La. 257, 111 So. 697 (1927); Robinson Mercantile Co. v. Freeman, 172 So. 797, La.App., 1st Cir.1937; Wilson Sporting Goods Co. v. Alwes, 21 So.2d 102, La.App., 1st Cir.1945 (writ of error refused); Thomas v. Mobley, 118 So.2d 476, La.App., 1st Cir.1960. The rule was concisely stated in Robinson Mercantile Co. v. Freeman, supra, wherein this language was employed:
“It is also well settled in the jurisprudence of this state that an action for libelous statements made by a party litigant cannot be maintained until the proceeding in which such allegations .are made has terminated, as the cause •of action does not arise until the party making the allegations has had the opportunity of proving the truth of the allegations in the proceedings in which they are made. See Manuel v. Deshotels et al., 160 La. 652, 107 So. 478. And it is also well settled in our jurisprudence that an action for defamatory allegations cannot be made the basis for damages by a reconven-tional demand until the final termination of the main demand, and that such •claim for damages are premature; that the claim for damages comes in esse only after the litigant making the charges has been given an opportunity to prove them in the suit in which they .are made and has failed to make such proof. See Howard v. Coyle et al., 163 La. 257, 111 So. 697; W. B. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663.”
This statement of the rule was approved by the Supreme Court in Loew’s, Inc. v. Don George, Inc., 237 La. 132, 110 So.2d 553, 561 (1959).
Under identical issues, in an action wherein a plaintiff sought to recover judgment of the defendant on promissory notes, and wherein the defendant reconvened for damages allegedly sustained by defamation arising out of plaintiff’s allegations, the court, in W. B. Thompson & Co. v. Gosserand, supra, in referring to Code of Practice Arts. 375 and 377, concerning the jurisdiction of the courts to entertain reconventional demands, made these observations:
“These articles confer jurisdiction upon the court in which a suit is pending to entertain a reconventional demand based upon any cause of action whether germane to the principal demand or not, where the plaintiff resides out of the state, or in the state, but in a different parish from the defendant.

“Under these articles, the cause of action must be in esse, and not a mere embryonic cause of action, or one in nubilus, or dependent for its completion upon something in futuro.

“Under these articles, a defendant is not allowed to anticipate a cause of action, and incumber the plaintiff’s suit therewith, and thereby deprive the plaintiff, suing away from his domicile, of the right of being sued thereon in his own parish. To give articles 375 and 377 the effect claimed for them here would force a plaintiff, made defendant in reconvention, to defend, out of its natural sequence, a claim which may never have existence.” (Emphasis supplied.)
That the authorities heretofore cited correctly set forth the law prior to the adoption of the Louisiana Code of Civil Pro *181 cedure, effective as of January 1, 1961, is conceded by defendant’s able counsel, who contends that the rule enunciated therein no longer prevails in view of the provisions of the new code. In support of this contention, LSA-C.C.P. Arts. 1061 and 1038 are cited. Art. 1061 provides:
“The defendant in the principal action may assert in a reconventional demand any action which he may have .against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and reconventional demands.” (Emphasis supplied.)
Art. 1038 provides:
“The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.
“When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon. When in the interests of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other.”
 Defendant’s position is, we think, without merit. The Code of Civil Procedure, as its name implies, was adopted as a procedural statute. The language of Section 4 of the statute (Act IS of 1960) states:
“This act is hereby declared to be remedial legislation.”
There was no intent or purpose in the enactment of the Code of Civil Procedure to create causes of action where none existed. A change in procedure to enable a ■defendant to assert a cause of action in reconvention, which, because of certain residential requirements or because of want of relationship with the principal demand, he was unable to do under the provisions of the former Code of Practice, does not serve to create a cause of action where none exists under substantive laws. To illustrate, under Code of Practice Art. 375, a defendant residing in the same parish as plaintiff could formerly only assert in re-convention a demand necessarily connected with and incidental to plaintiff’s demand asserted against him, but, where plaintiff did not reside in the parish of defendant’s residence, the defendant was allowed to assert a reconventional demand against plaintiff for any cause, irrespective of any connection or relationship with the principal demand. The articles of the Code of Civil Procedure, upon which defendant relies, do no more than permit the filing of reconventional demands in all causes irrespective of the residence of the parties or of the connection or relationship of the causes of action.
For these reasons, we are of the opinion that defendant’s reconventional demand, so far as a claim is made for damages for defamation arising out of the allegations of the present action, sets forth neither a right nor cause of action. Because of the error on a question of practice, exceptional in nature and scope, from which it appears that plaintiff-relator would possibly sustain great injury, we are constrained, in the interest of the orderly administration of justice, to grant the relief for which it prays.
Therefore, the alternative writs issued herein are made permanent, and, accordingly,
It is now Ordered, Adjudged, and Decreed that plaintiff’s exception of no cause and of no right of action be, and it is hereby, sustained so far, and only so far, as that portion of defendant’s reconven-tional demand relates to damages for defamation allegedly caused by or arising out of the allegations contained in the pleadings of this action which is now pending; and
*182 It is further Ordered, Adjudged, and Decreed that this cause be, and the same is hereby, remanded to the Honorable, the First Judicial District Court in and for Caddo Parish, Louisiana, for further proceedings consistent with the views herein expressed and according to law.
Defendant-respondent is assessed with the cost of this court, the assessment of all other costs to await final determination of this cause.
Exception of no cause or right of action sustained and cause remanded.