377 So.2d 583 (1979)

Wayne D. JOINER, Plaintiff-Appellee-Appellant,
v.
Thomas G. WILSON et al., Defendants-Appellants-Appellees.[*]
No. 7167.
Court of Appeal of Louisiana, Third Circuit.
December 19, 1979.
*584 Wayne D. Joiner, in pro. per.
Robert L. Kennedy and Thomas G. Wilson, Colfax, for defendants-appellants-appellees.
Before DOMENGEAUX, FORET and SWIFT, JJ.
FORET, Judge.
Plaintiff, Wayne D. Joiner, instituted this action against defendants, Thomas G. Wilson, Dentis Chelette, Judy Valentine Chelette, and Robert L. Kennedy, alleging that he was defamed during the course of earlier litigation, in particular the matter entitled "Wayne D. Joiner, d/b/a Joiner Real Estate v. Dentis T. Chelette and Judy Valentine Chelette". Defendants filed a peremptory exception of no cause or no right of action which was sustained by the trial court.
In the earlier suit, plaintiff, Joiner, sued the Chelettes in an attempt to collect an allegedly due real estate commission. Joiner filed a motion to proceed in forma pauperis pursuant to LSA-CCP Article 5181. This motion was traversed by defendants as allowed by LSA-CCP Article 5184. In traversing plaintiff's right to proceed in forma pauperis, counsel for defendants, Thomas G. Wilson, filed a memorandum in support of his position. Defendant contends that he was defamed by statements in said memorandum prepared by counsel. Additionally, plaintiff asserts liability on the part of Mr. Kennedy via his association in the practice of law with Mr. Wilson.
In the previous litigation, the trial court denied Joiner's motion to proceed in forma pauperis, and ordered him to pay all costs incurred within fifteen days, and to pay future costs as they may accrue, and in default thereof the plaintiff's suit would be dismissed with prejudice. Instead of paying the costs, Joiner sought to dismiss his suit without prejudice. The trial court, however, dismissed plaintiff's suit with prejudice. On November 12, 1979, we reversed the judgment of the trial court and remanded the matter with instructions to the trial court to make a determination as to whether or not the financial conditions of Wayne Joiner entitled him to proceed in forma pauperis, and for further proceedings not inconsistent with the views expressed in the said decision. See Wayne Joiner d/b/a Joiner Real Estate v. Dentis Chelette and Judy Valentine Chelette, 377 So.2d 521 (La. App. 3 Cir. 1979).
It is obvious then that the suit of Wayne Joiner d/b/a Joiner Real Estate v. Chelette, et al. is currently pending and viable litigation.
We make but a passing reference to the trial court's judgment in the defamation *585 suit which sustained an exception of no right of action. Without elaborating thereon, obviously the trial court erred in sustaining an exception of no right of action. Clearly, Joiner had a right of action in bringing a defamation suit. We have noted repeatedly the difference between an exception of no cause of action and an exception of no right of action. Certainly no one has a better right than Wayne Joiner to bring a suit for alleged defamatory remarks made against him.
We are of the opinion, however, that Joiner's defamation suit does not state a cause of action.[1] It is well settled that an appellate court may ex proprio motu notice the failure of a plaintiff to state a cause of action. Evans v. West, 357 So.2d 916 (La. App. 2 Cir. 1978); Stelly v. Montgomery, 339 So.2d 956 (La.App. 3 Cir. 1976), reversed on other grounds, 347 So.2d 1145; Duke v. Gregory-Salisbury and Co., 205 So.2d 858 (La.App. 4 Cir. 1968); Campbell v. Scroggins, 191 So.2d 154 (La.App. 3 Cir. 1966). Thus we are free to deal with this issue of our own accord. We note that plaintiff has instituted this suit prior to the final outcome of the suit wherein the allegedly defamatory statements were made. The jurisprudence of this State has almost uniformly held that an action for libel or slander arising out of allegations or statements made in a judicial proceeding cannot be brought by a party to the judicial proceeding until the proceeding is terminated. W. B. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663 (1911); Udell, Inc. v. Ascot Oils, Inc., 177 So.2d 178 (La.App. 2 Cir. 1965); Calvert v. Simon, 311 So.2d 13 (La. App. 2 Cir. 1975); Succession of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1 Cir. 1976), writ refused, 1977; Marionneaux v. King, 331 So.2d 180 (La.App. 1 Cir. 1976); Lees v. Smith, 363 So.2d 974 (La.App. 3 Cir. 1978). A concise statement of the rule can be found in Robinson Mercantile Co. v. Freeman[2], wherein the court stated:
"It is also well settled in the jurisprudence of this state that an action for libelous statements made by a party litigant cannot be maintained until the proceeding in which such allegations are made has terminated, as the cause of action does not arise until the party making the allegations has had the opportunity of proving the truth of the allegations in the proceedings in which they are made. See Manuel v. Deshotels et al., 160 La. 652, 107 So. 478. And it is also well settled in our jurisprudence that an action for defamatory allegations cannot be made the basis for damages by a reconventional demand until the final termination of the main demand, and that such claim for damages are premature; that the claim for damages comes in esse only after the litigant making the charges has been given an opportunity to prove them in the suit in which they are made and has failed to make such proof. See Howard v. Coyle et al., 163 La. 257, 111 So. 697; Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663."
We therefore find plaintiff's defamation suit to be untimely and it should be dismissed as of non-suit.[3] For the reasons hereinabove stated, the judgment of the trial court sustaining the exception of no right of action is reversed.
The judgment of the trial court sustaining defendant's exception of no cause of action is amended to dismiss plaintiff's suit as of non-suit, without prejudice, and as amended, the judgment of the trial court is affirmed.
All costs at trial level and on appeal are assessed against plaintiff-appellant, Wayne D. Joiner.
*586 REVERSED IN PART, AMENDED IN PART, AFFIRMED IN PART, AND RENDERED.
NOTES
[*] Editor's Note: The opinion of the Court of Appeal of Louisiana in Heymann v. Lewis, published in the advance sheets at this citation (377 So.2d 583), was withdrawn from the bound volume and will be republished.
[1] LSA-CCP Article 927 provides in part:

"... The failure to disclose a cause of action ... may be noticed by either the trial or appellate court of its own motion."
See also Avegno v. Byrd, 377 So.2d 268 (La. 1979).
[2] 172 So. 797 (La.App. 1 Cir. 1937)
[3] We express no opinion herein on the issue of whether the alleged statements are in fact defamatory, and, if so, whether the said statements would be privileged.