414 So.2d 1361 (1982)
W. E. WELDON, Plaintiff-Appellant,
v.
REPUBLIC BANK, et al., Defendants-Appellees.
No. 14879.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1982.
*1362 Donald R. Miller, Shreveport, for plaintiff-appellant.
Robert W. Raley, Bossier City, for defendants-appellees.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
NORRIS, Judge.
Plaintiff appeals the trial court's sustaining of an exception of prematurity assigning the following two errors: (1) the trial court's sustaining of the exception when plaintiff's cause of action was based on abuse of process; and, (2) the trial court's sustaining of the exception on the facts presented.
Our review of the record reveals that plaintiff filed a petition in tort alleging that defendants, Republic Bank and David Touchstone, attorney for Republic Bank, filed a suit, in United States District Court, Western District of Louisiana, Shreveport Division, on June 26, 1980, entitled "Republic Bank, Shreveport, Louisiana (formerly Peoples Bank & Trust Company) versus United States of America, C. C. Pate, W. E. Weldon, and Jack Chivatero" bearing docket number 801011. In the following pertinent paragraphs of his petition, plaintiff contends in this action that the statements contained within the pleadings of that federal court suit were libelous and that the allegations and the suit were an abuse of civil process:

"12
Petitioner shows these statements pertaining to Petitioner were false, unwarranted, unnecessary, and malicious and made without probable cause or reason and Petitioner shows that the above-referenced language amounts to a libel of your petitioner in that it accuses him of a violation of the law when same was not true.

"13
In addition to the libel, petitioner shows that the allegations and suit against your petitioner were an abuse of civil process, used only for the purpose of harassing and embarrassing your petitioner.

"17
The improper use of the civil process and inclusion of petitioner was completely immaterial and irrelevant to the assertion of any of the Defendants' rights in said lawsuit, calculated on the part of the Defendants to cause damage to petitioner, W. E. WELDON, in the amounts hereinabove set forth in the above paragraphs and for the reasons set forth therein."
Service was duly made on defendants who then filed this dilatory exception alleging that this action is one "grounded in libel," the allegations being based on pleadings filed in the aforereferenced Federal Court suit, and that the Federal Court action has not reached a final judgment. Therefore, defendants contend that the libel action filed in state court is premature. After a hearing on the exception, the trial court rendered judgment sustaining the exception of prematurity and dismissing plaintiff's suit without prejudice.
La.Code of Civil Procedure Art. 926 provides for the dilatory exception of prematurity. It has long been recognized that the question of prematurity of a demand must be determined by the state of facts existing at the time the suit is brought. See City Inv. Co. v. Williams, 171 La. 848, 132 So. 367 (1931). Manuel v. Deshotels, 160 La. 652, 107 So. 478 (1926).
However, the record in the instant case is devoid of any facts which the trial court may or may not have considered in arriving at its conclusion that this action was premature. There is no transcript of the hearing on the exception, no narrative of facts, no written or oral reasons for judgment, and no exhibits. Although the judgment signed by the trial court refers to "the stipulation of the parties," we have been unable to locate any stipulation, either in the record available to us or in the trial court. Therefore, in considering this case we will apply the presumption that the judgment of the trial court, insofar as it relates to factual issues, was based on sufficient *1363 and competent evidence since it is appellant's duty to produce the transcript or evidence necessary to show the contrary. La.Code of Civil Procedure Arts. 2130 and 2131. See Vincent v. Penrod Drilling Co., 372 So.2d 807 (La.App. 3rd Cir. 1979), writ denied 375 So.2d 646 (1979); Iles v. White, 345 So.2d 1304 (La.App. 3rd Cir. 1977); Shannon's Refrigeration Service Contractors, Inc. v. General Oilfield Trucking, Inc., 277 So.2d 457 (La.App. 1st Cir. 1973).
The question of fact presented by this appeal is the existence of the pending Federal Court suit at the time of the filing of this action. Therefore, for purposes of considering the propriety of the sustaining of the exception, we will presume that at the time of the filing of the lawsuit by plaintiff, there was an ongoing Federal Court action which had not terminated prior to the filing of the instant suit.
Thus, under the prevailing jurisprudence, if plaintiff's action is one solely based on libelous allegations contained within that Federal Court suit, the granting of the exception of prematurity must be upheld because the jurisprudence has consistently held that such actions based on earlier judicial proceedings cannot be brought until that proceeding is terminated.
In Calvert v. Simon, 311 So.2d 13 (La. App. 2d Cir. 1975), involving a suit based on libel and slander arising out of false allegations and testimony in another suit and this exact issue, we stated:
With the exception of one recent decision by the Fourth Circuit Court of Appeal, the jurisprudence of this state has consistently and unequivocably held that an action for libel or slander arising out of allegations or statements made in a judicial proceeding cannot be brought by a party to the judicial proceeding until the proceeding is terminated. The rule has been applied equally and without distinction to libel and slander actions instituted by reconventional demand or by separate suit. An authoritative expression of the rule was made by this court in Udell, Inc. v. Ascot Oils, Inc., 177 So.2d 178 (La.App. 2d Cir. 1965), with Judge H. W. Ayres as author of the opinion:
"... The rule is well established in the jurisprudence of this State that a cause of action for defamatory statements set forth in the pleadings of a civil action does not arise or come into existence until final determination of such suit, and, therefore, a claim for damages for an alleged libel set forth in the pleadings may not form the basis for a reconventional demand in the pending suit. Carnes v. Atkins Bros. Co., 123 La. 26, 48 So. 572 (1909); W. B. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663 (1911); Wolf v. Royal Ins. Co., 130 La. 679, 58 So. 507 (1912); Manuel v. Deshotels, 160 La. 652, 107 So. 478 (1926); Howard v. Coyle, 163 La. 257, 111 So. 697 (1927); Robinson Mercantile Co. v. Freeman, 172 So. 797, La.App. 1st Cir. 1937; Wilson Sporting Goods Co. v. Alwes, 21 So.2d 102, La.App. 1st Cir. 1945 (writ of error refused); Thomas v. Mobley, 118 So.2d 476, La.App., 1st Cir. 1960. The rule was concisely stated in Robinson Mercantile Co. v. Freeman, supra, wherein this language was employed:
`It is also well settled in the jurisprudence of this state that an action for libelous statements made by a party litigant cannot be maintained until the proceeding in which such allegations are made has terminated, as the cause of action does not arise until the party making the allegations has had the opportunity of proving the truth of the allegations in the proceedings in which they are made. See Manuel v. Deshotels et. al., 160 La. 652, 107 So. 478. And it is also well settled in our jurisprudence that an action for defamatory allegations cannot be made the basis for damages by a reconventional demand until the final termination of the main demand, and that such claim for damages are (sic) premature; that the claim for damages comes in esse only after the litigant making the charges has been given an opportunity to prove them in the suit in which they are made and has failed to make such proof. See Howard v. Coyle, et al., 163 La. 257, 111 So. 697; W. B. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663.'

*1364 "This statement of the rule was approved by the Supreme Court in Loew's, Inc. v. Don George, Inc., 237 La. 132, 110 So.2d 553, 561 (1959)."
A libel action was instituted by a separate suit in Manuel v. Deshotels, 160 La. 652, 107 So. 478 (1926). The court held:
"The contention of the appellees is that when a suit for damages for libel is based upon allegations contained in another suit, the second suit must await the termination of the action wherein the defamatory averments are made. We think this is correct. Wolf v. Ins. Co., 130 La. 679, 58 So. 507, and authorities cited therein."
* * * * * *
Louisiana law permits recovery by a party damaged by libelous statements made without probable cause and with malice by another party in a judicial proceeding, but consistent with orderly procedure and the concept of unhampered expression in the course of litigation, requires the party claiming such damage to await the determination of the original proceeding. Although the outcome of the original proceeding may not necessarily determine the issue of whether a party thereto can subsequently recover for libelous statements made therein, in most cases the outcome of the original suit will have a strong bearing on determination of that issue. (Emphasis added.)
In Calvert, supra, we concluded that plaintiff's cause of action had not yet come into existence; therefore the suit was premature and failed to state a cause of action in defamation. The same reasoning and conclusion is equally applicable in the instant case insofar as plaintiff's petition attempts to state a cause of action in defamation (libel).
We have also considered plaintiff's petition to determine whether or not it states or attempts to state a cause of action other than in libel. In so doing, we have applied the principle that every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency. See Hero Lands Co. v. Texaco, 310 So.2d 93 (La.1975). We have sought to determine whether or not it states a cause of action for malicious prosecution. While an action in defamation (libel) differs from an action for malicious prosecution, i.e., the malicious commencement or continuance of a suit without probable cause for purposes of harassment [See Lees v. Smith, 363 So.2d 974 (La.App. 3rd Cir. 1978)], courts have long applied the rule that a cause of action for damages for malicious prosecution does not come into existence until the termination of the prosecution, the theory being that the prosecution may terminate unfavorably to the plaintiff claiming damages therefrom, in which event the court would have uselessly given time to the determination of plaintiff's damages. W. B. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663 (1911). Thus, one of the six necessary elements of such an action is its bonafide termination in favor of the present plaintiff. Robinson v. Goudchaux's, 307 So.2d 287 (La.1975). Only after such a favorable termination, may the original party defendant bring an action for malicious prosecution. Therefore, an action for malicious prosecution brought prior to a favorable termination would also be premature.
Thus, we note ex proprio motu the failure of plaintiff's petition to state a cause of action either for defamation (libel) or for malicious prosecution, La.CCP Art. 927; Evans v. West, 357 So.2d 916 (La.App. 2d Cir. 1978), because there is no allegation contained therein that the federal suit complained of was terminated prior to the institution of the instant action.
However, plaintiff asserts by way of his brief, that his petition states a cause of action for abuse of civil process[1] and that *1365 an exception of prematurity will not lie as to that cause of action. We have again reviewed his petition in regard to this contention and conclude that it additionally fails to state a cause of action for abuse of civil process.
We have addressed the issue of the exception of no cause of action in a suit for "abuse of process" in Mini-Togs, Inc. v. Young, 354 So.2d 1389 (La.App. 2d Cir. 1978). In addressing this issue, we stated:
... The plaintiff's contend that, because of the defendant's ulterior motive in seeking to accomplish protection for the jobs of union members rather than protection for his City of Monroe bonds, the defendant has committed the tort of abuse of process by the institution of the earlier suit.
The petition contains no allegation of irregularity of process in the earlier suit, nor any allegation that the defendant's legal proceedings within themselves contain any defect. William A. Prosser, Law of Torts, Hornbook Series, at page 877 sets forth the essential elements of abuse of process as follows:
"The essential elements of [abuse of] process, as the tort has developed, have been stated to be: first, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding." (Emphasis added.)
In 1 Am.Jur.2d Abuse of Process we find the following explanation with regard to the elements and requirements of abuse of process: § 4
... While the existence of an ulterior motive may, perhaps, be inferred from the fact that the process has been misused or misapplied, the reverse is not true, for if the act of the prosecutor is in itself regular, the motive, ulterior or otherwise, is immaterial.
An ulterior motive or a bad intention in using the process is not alone sufficient, the bad intent must have culminated in the abuse, for it is the latter which is the gist of the action. An action for abuse of process cannot be maintained where the process was employed to perform no other function than that intended by law. Thus the mere issuance of process is not actionable as an abuse of process; there must be use of the process, and that use must of itself be without the scope of the process, and hence improper.... (Emphasis added.)
* * * * * *
§ 12
But there must be some "abuse" of the writ or process issued, or intent to accomplish a result not lawfully or properly attainable. Even if the moving party had an ulterior purpose in making use of the writ, if there was no "abuse" there is no cause of action.
* * * * * *
§ 13
... If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the action.. .
In 72 C.J.S. Process § 120, at page 1192, essential elements of abuse of process are explained as follows:
A legal and legitimate use of process, to effect the result which such process is designed by law to accomplish, is not an abuse thereof. Regular use of process cannot constitute abuse, even though the user was actuated by a wrongful motive, purpose, or intent, or by malice.
In Italian Star Line v. United States Board E. F. Corp., 2 Cir., 53 F.2d 359, 361, the plaintiff's abuse of process action was based upon ulterior motives, and was denied because there was no irregularity in the process. The court stated: "... Cooley asserts that two elements must exist: First, an ulterior purpose; *1366 and, second, `an act in the use of the process not proper in the regular prosecution of the proceeding.' .... We shall assume that the evidence would justify the jury in finding an ulterior purpose on the part of Goff and Conrad in instigating the receivership proceeding in the name of the United States, namely, the purpose to get access to the records of the company and its president, for use in the contemplated criminal prosecution. We may also assume, without decision, that the acts and motives of Goff and Conrad should be imputed to the Emergency Fleet Corporation. But an improper motive alone is not enough to make the institution of the receivership proceeding an abuse of process. Whatever the motive, the obtaining of the appointment of the receiver was entirely regular. The plaintiff was indebted to the United States, and its attorney consented to the proceeding. The validity of his consent has been adjudicated in that proceeding and cannot be collaterally attacked. To make out its case, the plaintiff must prove irregular steps taken under cover of the process after its issuance, and damage to the plaintiff resulting therefrom." (Emphasis added.)
Under this cause of action plaintiffs must allege irregularity in the process itself, and plaintiffs have failed to do so. The object of the defendant's earlier suit was to stop the transfer. There is nothing illegal about this object. Plaintiffs admit that the defendant's legal attempt to reach this result within itself does not constitute the tort. Plaintiffs claim the tort arises because the defendants were motivated to take care of the jobs of 30 union members. The fact defendant's motives differ from the object of their suit alone does not constitute abuse of process. An irregularity in the earlier proceedings must also be shown.
Abuse of process is recognized in Gonsouland v. Rosomano, 176 F. 481 (C.A. 5th Cir. 1910). The defendant in a suit for rent had seized property not subject to the lessor's lien, and had made seizures of items on the leased premises which were legally exempt. This represents a true abuse of process. The court correctly recognized that common law abuse of process was a cause of action which could be asserted under C.C. Art. 2315.
In Succession of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1st Cir., 1976), the court listed the essential elements of a cause of action for abuse of process as follows:
"... (1) the existence of an ulterior purpose; (2) a wilful act in the use of the process not proper in the regular prosecution of the proceeding." (Citations omitted.)
While the plaintiffs here have abundantly alleged the first element of ulterior motive, they have failed to allege the second element of irregularity in the proceedings. As was said in the decision of Edmonds v. Delta Democrat Publishing Co., 230 Miss. 583, 93 So.2d 171 (1957), what the plaintiff complains of is "not based on any perversion of any process but simply the filing of the suit." Our analysis and the jurisprudence discussed in Mini-Togs is equally applicable to the instant case and leads us to conclude that plaintiff's petition fails to state a cause of action for abuse of process because plaintiff has failed to allege a wilful act in the use of the process not proper in the regular prosecution of the proceeding. He only alleges that the suit was filed with an ulterior motive.
Our conclusion that plaintiff's petition fails to state a cause of action for abuse of process pretermits the necessity for addressing the issue of the exception of prematurity as it relates to such a cause of action.
In summary, we have viewed the record of this proceeding to determine whether or not this action is premature. We have concluded that plaintiff's petition fails to state a cause of action for defamation (libel) or for malicious prosecution because it fails to allege the termination of the lawsuit upon which its allegations are based or for abuse of process because it fails to allege a wilful act in the use of process not proper in the regular prosecution of the proceeding. *1367 While we further conclude that the better exception would have been one of no cause of action, we conclude that an exception of prematurity will also lie in an action for defamation (libel) or malicious prosecution. Because of our further conclusion that plaintiff's petition fails to state a cause of action for abuse of process, it is unnecessary that we determine whether or not the exception of prematurity is applicable in that regard.
Accordingly, the judgment of the trial court sustaining the exception of prematurity and dismissing plaintiff's suit without prejudice is affirmed at plaintiff's cost.
AFFIRMED.
NOTES
[1] We note that within his brief, plaintiff interchangeably uses the terms "abuse of right" and "abuse of process." While we recognize that the doctrine of "abuse of rights" is firmly rooted in the civil law, we construe it to be the broader term which encompasses and includes an action for abuse of process when the right involved allegedly abused is the right to sue. We also consider actions for defamation and for malicious prosecution to come within the broad, general doctrine of "abuse of rights," relating to the right to sue. The jurisprudence has formulated specific elements necessary to state a cause of action relating to these different abuses of right involving legal proceedings, which elements are discussed at greater length within the body of this opinion.