LAND, J.
 

 On December 21, 1927, the City Investment Company obtained judgment against Lionel J. Gottsehalk, one of the defendants, condemning him to comply with certain written contracts and to purchase from plaintiff company certain lots in square No.
 
 88
 
 in the city of New Orleans.
 

 
 *849
 
 In this judgment the defendant Gottschalk was condemned to pay to plaintiff company the sum of $3,361, with interest at 6 per cent, per annum on $3,108 thereof from October 22, 1925, until paid, and attorney’s fees at 10 per cent. The vendor’s lien on the property in favor of plaintiff company was reserved.
 

 This judgment was recorded December 31, 1927, in the mortgage office in the' parish of Orleans, and operated as a general mortgage on a certain improved jrortion of ground in square 291 in the Seventh district of the city, and on a certain portion of ground in the same square and district, known as half of lot 14 and the whole of lot 15, then owned by the defendant Gottschalk, and acquired by him from the Eureka Homestead Society May 28, 1926.
 

 On October 9, 1929 the defendant Gottschalk sold to the Eureka Homestead Society the above described property for the sum of $17,000 cash. The vendor’s lien held by the Eureka Homestead Society against Gottschalk was canceled at the time of the act of sale, but the judgment obtained and duly recorded by plaintiff company against him was not canceled; nor was the general mortgage in favor of plaintiff company, resulting from the recordation of its judgment against Gottschalk, released in part.
 

 After the cancellation of the vendor’s lien against Gottschalk by the Eureka Homestead Society, one of the defendants, that society sold the property to Frank H. Hardenstein, another of the defendants, for the sum of $8,300 by authentic act duly recorded, and reserved a vendor’s lien.
 

 The mortgage certificate,' attached to the act of sale by Gottschalk to the Eureka Homestead Society, dated October 9, 1929, fails to show thereon the inscription resulting from the recordation of the judgment ' rendered, December 21, 1927, in favor of plaintiff company against Gottschalk, and recorded on December 31, 1927, in the mortgage office of the parish of Orleans.
 

 Alleging the above state of facts, plaintiff company seeks in the present suit to obtain judgment against all of the defendants, decreeing that plaintiff company’s general mortgage resulting from the inscription of its judgment against Gottschalk, December 31, 1927. still bears against the property, and is superior in rank to the vendor’s lien granted by Hardenstein to the Eureka Homestead Society by act of sale recorded October 9, 1929, and that said vendor’s lien is secondary to plaintiff company’s.
 

 The defendant Augustus G. Williams, recorder of mortgages, excepted to plaintiff company.’s petition on the ground that -it failed to disclose a right or cause of action, and, in the alternative, that plaintiff companys action was premature.
 

 The record discloses that the respondent judge maintained the exception of prematurity and, thereafter, on motion of plaintiff company, ordered that defendants plead further in the case.
 

 The defendant recorder of mortgages thereupon filed a motion to set aside this order on the ground that respondent judge maintained the exception of prematurity, and that the effect of the court’s action was to dismiss plaintiff company.’s suit, and, for this reason, the trial judge was without jurisdiction to take further action in the case»
 

 Defendant’s motion was overruled, and application was then made to this court for writs of certiorari and prohibition.
 

 Respondent.judge, in his return to the rule nisi issued herein, states that he has signed no judgment, maintaining the plea of
 
 *851
 
 prematurity
 
 and
 
 dismissing
 
 the
 
 suit of plaintiff company. It is true that the order maintaining the plea of prematurity does not, in so many words, dismiss plaintiff company’s suit, but, clearly, such is the legal effect of such order. The contention of respondent judge that the order maintaining the plea of prematurity had the effect only of holding up this matter, until such time as the property described in plaintiff’s judgment against Gottschalk could be sold, and not of dismissing the suit, is not tenable, in our opinion.
 

 Defendant is not attempting to appeal from an unsigned judgment, but is invoking our supervisory jurisdiction to prevent respondent judge from ordering further proceedings in the case, after an exception of prematurity had been maintained. Manifestly, respondent judge was without jurisdiction to act further in the matter. It is expressly provided in article 158 of the Code of Practice that: “When 'the demand is premature, that is to say, when the action has been brought before the debt has become due, the suit must be dismissed, leaving to the party his right to bring his action in due time.”
 

 In State ex rel. Widow Merz et al. v. Judge of Third District Court, 31 La. Ann. 120, the court said: “The penalty for bringing an action prematurely is its dismissal, unless defendant waives the exception. The exception of prematurity is not defeated by the subsequent maturity of the cause of action. If this were so it would often enable a plaintiff to avoid the effects of. his own wrong by the commission of another, by postponing a decision until his debt had matured. So we hold that the question of prematurity must be tested by the facts' existing at the date the suit is brought, and that the penalty is dismissal of the suit if found premature.”
 

 It is immaterial therefore that, since the application made to this court for writs, the property described in the judgment of plaintiff company against Gottschalk has been sold, and that a remittitur, less costs of $388.-29, has been entered as a credit on the judgment, thereby fixing the exact amount of same.
 

 It is therefore ordered that a writ of prohibition issue herein, directed to the Hon. E. K. Skinner, judge of division C of the civil district court for the parish of Orleans, commanding respondent judge to vacate his order of date September 3, 1930, instructing relator, Augustus G. Williams, recorder of mortgages, to plead further in this case, after respondent judge 'had maintained the exception of prematurity filed by relator, and prohibiting respondent judge from proceeding further in this case in so far as relator is concerned.