**C. H. LEAVELL & COMPANY, Plaintiff,**

v.

**BOARD OF COMMISSIONERS OF the PORT OF NEW ORLEANS and Department of Highways, State of Louisiana, Defendants.**

Civ. A. No. 68–1132.

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 17, 1968.

Gibbons Burke, Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for plaintiff.

Sumter D. Marks, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Board of Comrs. of Port of New Orleans, defendant.

Elven Ponder, Baton Rouge, La., for Department of Highways, State of La., defendant.

## RULING ON DEFENDANTS' MOTION TO DISMISS ON THE GROUND OF PREMATURITY

RUBIN, District Judge:

C. H. Leavell and Company, the prime contractor engaged in the construction of an international exhibition facility, filed suit on June 5, 1968, for breach of contract. It seeks to recover damages exceeding five million dollars that it claims it suffered because of unreasonable delays and other contractual violations attributable to the defendants, the Board of Commissioners of the Port of New Orleans and the Louisiana Department of Highways.

Defendants have filed motions to dismiss on the ground, inter alia, that the action is premature because the work has not been completed and accepted. They contend that, until the work has been completed and accepted, they will be unaware of the exact amount of the plaintiff's ultimate claim in excess of the contract price, and unable to urge all offsets, counterclaims and defenses.

■■ Plaintiff admits that the general rule prevents a party from suing on a commutative contract before he can first prove his own full performance,[1] but urges that building contracts are governed by the rule of "substantial completion," an exception to the general rule. As authority for its argument Leavell quotes from Justiss-Mears Oil Company v. Pennington, 132 So.2d 700 (La.App. 1st Cir. 1961) and Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.

2d 880 (1961), suits involving actions by the contractor against the owner for recovery of the contract price. Plaintiff argues that the construction of the facility was 95% completed prior to filing of the present suit. Additionally, it raises the practical argument that, if the prematurity argument of the defendants is upheld, the work will be completed within "a week or two," the complaint refiled, and the only effect will be to delay the inevitable.

The rule of "substantial performance" applies only to suits by the contractor to recover the value of the building in its substantially completed state. It is an equitable rule designed to prevent the owner from capriciously refusing to accept a substantially completed structure or from himself preventing its completion by wrongful acts. The rule applies only to suits on the contract for the contract price, or its adjusted value, and has uniformly been applied only when the contractor has in effect left the job. In such cases recovery is based essentially on quantum meruit, that is, recovery of the reasonable value of labor, supplies, and services rendered.

■■ But the rule does not apply to an action by the contractor against the owner for damages for breach of contract, filed while the contractor is still at work. Until the work is completed, it is impossible to determine the total damages that may be due the contractor or the exact defenses that may be available to the owner.

The plaintiff argues that *Airco* involved a contractor who was in default and that it is not in default; it concludes that it should therefore be permitted to assert this claim, for a non-defaulting contractor should be in as good a position as a defaulting contractor. But the two cases are not analogous. A contractor who has left the job has terminated the work. Whether he is in default or not, the denial of his right to sue on the ground of prematurity would not merely

1. LSA Civil Code, Article 1913 (1870),; Merrit v. Harang, 198 So. 386 (La.App.).

delay his action; it would defeat his claim completely unless he returns to work. But a contractor whose work is still in progress need only complete the work and then urge his claim. Here the motion to dismiss is purely dilatory: it postpones legal proceedings until they can properly be brought and determined, without prejudice to the substantial rights of either party.

██ The affidavits and exhibits submitted by the defendants in support of their motions to dismiss establish clearly that the suit was premature when filed. The plaintiff's argument that a dismissal at this stage will only have a delaying effect may be correct, but this may be true when any action is dismissed for prematurity. The argument fails to take into account the purpose of the prematurity rule, a rule designed to prevent litigation from being begun too early. Until the work on a contract is completed, additional claims by either party may accrue. Once work is finished, the parties should have a chance to assess their respective damages and evaluate their legal positions, make their claims clearly known to each other, and attempt to adjust their differences. Not until that time is there clearly a dispute, and not until then is the dispute ripe for adjudication.

██ In determining whether or not a suit is premature the controlling date is the date the action is filed.[2] The plaintiff may not utilize the time required to bring a case on for trial to remedy his undue haste. Even now, over three months after this suit was filed, the parties are uncertain how much additional time will be required to complete the contract. If plaintiff's reasoning were valid, suit could have been filed when the structure was only 60% complete, and the plaintiff's precipitateness would have been remedied by events occurring after the suit was filed.

██ In suits for damages, the litigation process should be commenced only when the issues are determined. Time saved the litigants by beginning too early may well be lost to them and the courts by what happens thereafter. Hence the motion to dismiss for prematurity will be granted.

---

2. City Inv. Co. v. Williams, 171 La. 848, 132 So. 367; Manuel v. Deshotels, 160 La. 652, 107 So. 478.