BOUTALL, Judge.
Plaintiff filed this suit against defendants-appellants Therral Ransome, Gary J. Anderson, Jr., Remy F. Gross, II, Charles Thibaut, Jr., and Robert E. Weimer. Plaintiff’s petition alleges that the defendants breached their fiduciary duty owed to the plaintiff, Bank of St. Charles & Trust Company. The defendants filed exceptions of prematurity, and the trial court maintained the exceptions, but only as to the relief prayed for by the plaintiff, and granted the plaintiff thirty days to amend the petition. Defendants appeal that judgment urging error in permitting amendment rather than dismissal. Plaintiff has answered the appeal urging error in maintaining the exception.
Appellants rely on Article 933 of the Code of Civil Procedure to support their contention that the trial court erred in not dismissing plaintiff’s suit after maintaining the exception of prematurity. Article 933 states, in part:
“If the dilatory exception pleading prematurity is sustained, the suit shall be dismissed.”
Thus, the issue before us is whether the trial judge was correct in maintaining the exception of prematurity, for if he was correct in maintaining the exception, Article 933 prohibited him from granting plaintiff an opportunity to amend, and he should have dismissed the suit. City Investment Co. v. Williams, 171 La. 848, 132 So. 367 (1931).
In his written opinion, the trial judge stated that the petition factually alleges acts that, if proven, could establish negligence, breach of fiduciary duties and damage to the bank resulting from the committed acts. As the trial judge stated, “Certainly, there is nothing premature ins the factual pleadings.” The trial judge went *1208 on to say that although the plaintiff had pleaded factual allegations of damage, plaintiff had not prayed for such damages. Instead, the trial judge found the plaintiff’s prayer to be a prayer seeking a declaratory judgment for an amount to be arrived at later.
The trial judge was correct in his determination that there was no prematurity in the factual allegations setting out a cause of action. The problem presented here is in the prayer for relief. In approaching this problem we note that the Code of Civil Procedure, rejecting procedural technicalities, adopts the salutory rule of liberal construction of pleadings. Paxton v. Ballard, 289 So.2d 85 (La.1974).
Article 5051 states:
“The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not' an end in themselves.”
Article 865 directs:
“Every pleading shall be so construed as to do substantial justice.”
Additionally, with the exception of items of special damages and default judgments, a party is entitled to relief based upon the allegations pleaded in the petition and is not bound strictly to the relief sought in the prayer.
Article 862 says:
“Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contained no prayer for general and equitable relief.”
In the present case, plaintiff prayed for judgment in an amount equal to the difference between the value of the collateral security, at the time the collateral is sold, and the amount of the unpaid loans alleged to be illegally made without authority of the Bank. It also prays for such other relief as law, equity and the nature of the case may require. As we interpret the case the pleadings would permit full recovery of the illegal loans entered into by the corporate officials. The prayer apparently attempts to minimize damages by granting credit for value of the security given for the loan. It creates confusion, not of the issue that damages are owed, but as to the amount, or measure of the damages owed.
We agree with the trial judge that the prayer needs amendment[1] but we cannot agree with use of the exception of prematurity as a vehicle to order amendment. Perhaps another type of exception, permitting amendment would have been appropriate. We refer to the case of Central La. Elec. Co. v. Pointe Coupee Elec. Mem. Corp., La.App., 182 So.2d 752, writ refused 249 La. 119, 185 So.2d 529. In this case, as in that case, plaintiff’s petition alleged facts that show the suit not to be premature and the damages real and certain, even if the dollar value of the loss is subject to some uncertainty.
The judgment maintaining the dilatory exception of prematurity is reversed and the exception is overruled. This matter is remanded to the trial court for further proceedings; costs to await a final determination of the case.

REVERSED AND REMANDED.

. We note that extensive amendment has been made prior to this appeal being taken.