SCHOTT, Judge.
Plaintiff has appealed from a dismissal without prejudice of its revocatory action on a dilatory exception of prematurity filed by appellees Patricia Livaccari and Alma Zahn Livaccari pursuant to C.C.P. Art. 926. Plaintiff seeks to revoke an act of sale passed on June 15, 1978, from Alma Zahn, divorced wife of, and John J. Livaccari to their daughter Patricia Livaccari pursuant to C.C. Arts 1970 et seq. It alleged in its petition filed on February 27, 1980, that it had taken a judgment against John J. Li-vaccari in the United States District Court in Nevada and had this judgment recog *1230 nized by the United States District Court for the Eastern District of Louisiana on February 22, 1980. Appellees’ exception of prematurity was based on the failure of plaintiff to have this judgment recognized and made the judgment of the Louisiana court pursuant to C.C.P. Art. 2541. The principal issue is whether plaintiff’s suit was premature by virtue of its failure to comply with C.C.P. Art. 2541, considering the provisions of C.C. Art. 1972 governing the revocatory action which reads as follows:
“It can not be exercised by individual creditors, until their debts are liquidated by a judgment, unless the defendant in such action be made party to the suit for liquidating the debt brought against the original debtor in the manner hereinafter directed.”
Also before us is plaintiff’s motion to remand the case to the trial court on the ground that subsequent to the date of the judgment now on appeal, rendered on May 16,1980, it filed a petition in the state court for recognition of the judgment of the United States District Court and obtained a judgment under C.C.P. Art. 2541 on December 10,1980. It asserts that this appeal was rendered moot by virtue of its subsequent Art. 2541 action.
In this court plaintiff does not abandon its original position that its action was not premature and would have this court consider its motion to remand as an alternative to the reversal of the judgment appealed from.
C.C. Art. 1972 provides that the original debt must first be liquidated by a judgment against the debtor unless the revoca-tory action makes the original debtor a party for the purpose of liquidating the debt in that action. In Williams & Miller v. Jones, 180 So. 140 (La.App. 1st Cir. 1938) the court explained the rationale of the article as follows:
“.... Otherwise, and in the absence of a valid judgment, the anomalous situation might arise of having a sale made by the debtor revoked, when, for some legal reason, the creditor is not entitled to a judgment against the debtor in the claim. The creditor’s right or interest in having the sale of his debtor’s property revoked does not arise until the creditor has secured a judgment against his debtor, which judgment must be procured either before or at the time of decreeing the nullity of the sale.”
In its petition plaintiff alleged that John J. Livaccari, the original debtor, was made a defendant but it does not seek a judgment against him in these proceedings. It simply alleged that it had already taken a judgment against Livaccari in the United States District Court in Nevada and had it recognized in the United States District Court in Louisiana. Parenthetically, we note that the record does not indicate that Livaccari was ever served in these proceedings.
Art. 2541 is clearly applicable to this situation providing that a party seeking recognition of a judgment of a court of the United States must bring a proceeding in a Louisiana court to have the judgment recognized and made the judgment of the Louisiana court.
Plaintiff seeks to avoid the requirements of C.C.P. Art. 2541 by invoking the provisions of R.S. 13:4204, which provides that judgments rendered by the United States Courts in Louisiana when recorded in the mortgage records rank as judicial mortgages to the same extent as recorded judgments of the courts of this state. However, this statute by its own terms has the limited purpose of elevating judgments of the United States Courts to the rank and status of judicial mortgages and can hardly be stretched to eliminate the necessity of recognition under Art. 2541 for purposes of bringing the revocatory action under C.C. Art. 1972.
We conclude that the judgment of the trial court was correct, plaintiff’s action was premature, and it was properly dismissed without prejudice pursuant to C.C.P. Art. 933.
*1231 This would seem to be dispositive of the case since Art. 933 requires a dismissal of a suit brought prematurely. However, plaintiff contends that its subsequent Art. 2541 action to have the United States District Court judgment recognized somehow breathed life back into its suit, and would have us remand the case to the district court for further proceedings. We are unable to reach that conclusion. First, the question before us is the validity vel non of the judgment maintaining the exception of prematurity and dismissing plaintiff’s case without prejudice. The subsequent actions taken by plaintiff in another proceeding in the district court are beyond the appellate record and will not be considered in this appeal. Second, in order for plaintiff to bring the matter of its belated obtaining of recognition of the United States District Court’s judgment in the state court it would have to amend its original petition in these proceedings and properly allege these developments. Where a suit has been dismissed on exception of prematurity the deficiency may not be cured by amended pleadings. Duncan v. Duncan, 359 So.2d 1310 (La.App. 1st Cir. 1978) and Bank of St. Charles and Trust Co. v. Ransome, 343 So.2d 1206 (La. App. 4th Cir. 1977). Finally, the clear intent of the legislature in the drafting of C.C.P. Art. 933 would be frustrated if plaintiff were allowed to have its suit reinstated and continued after the suit was properly dismissed as premature by the simple expedient of taking prerequisite action after the judgment was rendered. Appellees were improperly sued in this ease and they are entitled to the relief mandated by Art. 933. It is now plaintiff’s burden to institute new proceedings if it has now complied with the law.
Accordingly, the judgment appealed from is affirmed and the motion to remand is denied.
AFFIRMED.
MOTION TO REMAND DENIED.