GULOTTA, Judge.
In this action by an attorney to recover fees for legal services allegedly rendered by him to another law firm and its client, plaintiff appeals from a judgment dismissing his suit on an exception of prematurity. We reverse and remand.
*269 Plaintiff William W. Edelman, a sole practitioner, filed his “Suit for Attorneys Fees” against John J. McCann, McCann’s law firm, and Prescott H. Rathborne, (a client) alleging that the three defendants were liable in solido to him for the cost of legal services rendered. The , petition specifically alleged that McCann “individually and as senior partner” of his law firm had, on December 1, 1982, “entered into an oral contract for legal services with petitioner, under which petitioner was to perform services on behalf of John J. McCann and the law firm of McCann, McCann & Mirabile in connection with their legal representation of defendant, Prescott H. Rathborne”; and that Rathborne had been informed of and consented to the terms of McCann’s engagement of plaintiff. Attached as an exhibit to the petition was a billing to Rath-borne itemizing services rendered by plaintiff including telephone conferences with both Rathborne and McCann. The document indicates that a copy of it was also sent to John J. McCann.
McCann and his law firm filed a dilatory exception of prematurity on the grounds that plaintiff had failed to “exhaust” his rights against Rathborne before initiating suit against the McCanns. In a memorandum in support of the exception, McCann contended that the petition and attached exhibit clearly showed that Rathborne was responsible for payment of the legal services, that the McCanns would “at best” be considered as “surety or guarantor of legal fees”, and that plaintiff must “first exercise his rights against the principal, Rath-borne, before proceeding to litigation against the McCanns”. Attached to the memorandum was a copy of plaintiff’s demand letter of November 30, 1983 addressed to McCann, his firm and Rath-borne, which McCann characterized as the “first notification” received by him and his firm that plaintiff had expected payment from them.
Without any further evidence on the matter, the trial judge maintained the exception of prematurity and dismissed plaintiff’s claim against McCann and his firm. From this judgment, both plaintiff and defendant Rathborne have appealed.
When an action is brought on an obligation before the right to enforce it has accrued, it may be dismissed as premature. LSA-C.C.P. Art. 423. The question of prematurity of a demand is determined by the state of facts existing at the time the suit is brought. City Inv. Co. v. Williams, 171 La. 848, 132 So. 367 (1931) Fairfield Dev. Co. v. Jackson, 438 So.2d 664 (La.App.2nd Cir.1983); Weldon v. Republic Bank, 414 So.2d 1361 (La.App.2nd Cir.1982). LSA-C. C.P. Art. 930 provides that on the trial of a dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. In the instant case, because no further evidence was adduced at the trial of the exception, the grounds for dismissal if any, must appear from the face of the petition and its attachments.
Applying this legal authority to the record before us, we hold that there is no legal basis for dismissing plaintiff’s suit as premature. Accepting the allegations of the petition as true, we conclude that plaintiff has stated a cause of action against all three defendants for attorney’s fees due for services rendered. The petition plainly alleges the existence of an oral contract between plaintiff, on the one hand, and McCann, the McCann firm, and Rathborne, on the other. According to this alleged contract, plaintiff was to be compensated for services rendered to all three defendants. Plaintiff made amicable demand on all three defendants prior to filing suit and the statement of professional services attached as an exhibit to the petition indicates that plaintiff’s services included telephone conferences with all of them. The petition does not allege a suretyship relationship between McCann and Rathborne or any other facts that would require plaintiff to exhaust his rights against Rath-borne before proceeding against McCann and his firm.
The absence of evidence at this stage of the proceedings, in view of the allegations *270 of the petition relating to the oral contract between plaintiff and McCann, compels a conclusion that the exception of prematurity was erroneously maintained.
McCann’s arguments concerning Rath-borne’s status as the “primary” obligor are more properly the subject of a third party demand or a defense to the merits of the case rather than the basis for this dilatory exception of prematurity.
Accordingly, the judgment maintaining the exception is reversed and set aside. The matter is remanded for further proceedings.
REVERSED AND REMANDED.