LeBLANC, Judge.
Plaintiff-appellant, Bessie Beatrice Chach-ere, appeals the trial court’s decision sustaining the exception of prescription in favor of the defendant, F.P. Beringer, D.D.S.
FACTS
On August 19, 1986, Ms. Chachere was fitted with a periosteal implant by her dentist, Dr. Beringer. This implant is used to provide an artificial root structure for bridgework or dentures. Ms. Chachere’s implant consisted of two metal screw posts which were inserted, one on each side, into her lower jawbone. After Ms. Chachere’s lower jaw healed, she was fitted for dentures. Her treatment continued, with intermittent office visits, throughout the remainder of 1986 and 1987.
On July 13, 1988, Ms. Chachere began experiencing pain on the right side of her mouth. Dr. Beringer examined her and determined that the right implant screw post had fractured. He removed the upper portion of the implant screw, which had broken off, but left the bottom portion in Ms. Chach-ere’s jawbone.
Ms. Chachere filed suit against Oratronics, Inc., the manufacturer of the implant screw posts, on January 13, 1989. Her petition alleges Oratronics, Inc., negligently designed and manufactured the screw posts, resulting in a defective product. On July 13, 1989, Oratronics filed a third party demand naming Dr. Beringer as a third party defendant. The record also contains a notice of a complaint filed by Oratronics on July 13, 1989, with the Malpractice Division of the Commissioner of Insurance, concerning the third party demand by Oratronics against Dr. Ber-inger; however, the record contains no further details concerning this complaint.
On September 7,1989, Dr. Beringer filed a dilatory exception raising the objection of prematurity to Oratronics’ third party demand. In support of his exception, Dr. Ber-inger alleged there had been no completed peer review panel as required by La.R.S. 40:1299.41 et seq. Judgment was rendered sustaining the exception of prematurity and dismissing Oratronics third party demand against Dr. Beringer on December 21, 1989.
On December 7, 1990, Ms. Chachere amended her original petition to add Dr. Beringer as a defendant, alleging negligent implantation of the screw posts and negligent use of the screw posts which fell below the acceptable standard of care. In response, the record indicates Dr. Beringer filed, on January 9, 1991, another dilatory exception raising the objection of prematurity, again arguing the matter had not been presented to a peer review panel. In addition, Dr. Beringer filed a peremptory exception raising the objection of prescription on June 3, 1991.
The exception of prematurity was sustained on August 12, 1991, and Ms. Chach-ere’s supplemental and amending petition was dismissed, without prejudice. Oratron-ics filed another third party demand against Dr. Beringer on January 28, 1992. Thereafter, Ms. Chachere again sought, and was granted leave of court on February 13, 1992, to supplement and amend her petition to add Dr. Beringer as a defendant. The trial court rendered a judgment on August 17, 1992, which was signed on September 8, 1992, sustaining the exception of prescription, stating:
1.
Except as reserved and set forth hereafter, the Exception of Prescription filed on behalf of Dr. F.P. Beringer, D.D.S., is hereby sustained and plaintiffs claims or causes of action related in any way to a failure in the standard of care of or by Dr. F.P. Beringer, D.D.S., are declared to be prescribed;
*355 2.
There is reserved unto plaintiff, Bessie Beatrice Chachere, her claim or cause of action related to the breaking of the dental implant....
Ms. Chachere appealed.[1]
DISCUSSION
A careful review of the facts establishes that the judgment rendered by the trial court on August 12, 1991, wherein the trial court sustained the exception of prematurity filed on behalf of F.P. Beringer, D.D.S., and dismissed the petition (including the first supplemental and amending petition) of plaintiff, prevented the trial court from ordering further proceedings pertinent to any claims by Ms. Chachere against Dr. Beringer in this case. City Inv. Co. v. Williams, 171 La. 848, 132 So. 367, 368 (1931).
The August 12, 1991 judgment indicates the trial court found that plaintiffs action against Dr. Beringer was premature, and plaintiffs action against Dr. Beringer was dismissed, without prejudice, pursuant to La. C.C.P. art. 933. The effect of sustaining a dilatory exception is regulated by La.C.C.P. art. 933 which states, in pertinent part:
If the dilatory exception pleading prematurity is sustained, the suit shall be dismissed. [emphasis added.]
The improper filing of a premature suit entitled Dr. Beringer to the relief of dismissal mandated by La.C.C.P. art. 933. Valley Bank of Nevada v. Livaccari, 398 So.2d 1228, 1231 (La.App. 4th Cir.1981). The dismissal of plaintiffs suit as premature by the trial court on August 12,1991, concluded the then existing claims brought by plaintiff against Dr. Beringer.
Upon dismissal of the supplemental petition, all pending exceptions which had been raised, objecting to the supplemental petition, were also dismissed. Because Ms. Chachere’s supplemental petition was dismissed, Dr. Beringer’s exception raising the objection of prescription was also dismissed.
On August 17, 1992, there was no exception pending before the trial court and the judgment sustaining the exception of prescription was improper. The judgment is hereby reversed and the case is remanded for proceedings consistent with this opinion.
All costs of this appeal are to be paid by appellee.
REVERSED AND REMANDED.
ADDITIONAL REASONS BY WRITER
I write additionally to state what appears to be the effect of the trial court’s August 12, 1991, ruling sustaining the exception of prematurity.
After the trial court’s proper dismissal of Ms. Chachere’s supplemental petition, the judge was arguably without jurisdiction to act further in the matter as concerning Dr. Beringer. See, City Inv. Co., 132 So. at 368. It was then Ms. Chachere’s burden to institute new proceedings if she had cured the prematurity or complied with the law. See, Valley Bank of Nevada, 398 So.2d at 1231.
The trial court’s February 13, 1992, granting of leave to Ms. Chachere to supplement and amend her petition again, without alleging she had cured the prematurity, was arguably incorrect. A plaintiff should not repeatedly file supplemental and amending petitions which have been previously dismissed because of prematurity without, at a minimum, alleging facts which assert the prematurity has been cured. To allow such provides a plaintiff with the vehicle to harass a defendant and abuse the system, and may in some instances be grounds for sanctions.
However, I firmly believe that the correct legal decision is as the opinion states. The defendant is now free to file whatever exceptions or responsive pleadings he chooses, including a motion for sanction.

. Ms. Chachere asserts in her brief a single assignment of error: "The Trial Court erred in granting summary judgment to Defendant, F.P. Beringer, D.D.S.” It is presumed plaintiff meant to state as error the trial court's sustaining of defendant's peremptory exception raising the objection of prescription, as this was the judgment plaintiff appealed.