YOLANDA MCPHERSON, PRO SE, (WIFE OF), INDIVIDUALLY AND O/B/O LYNDON MCPHERSON (DECEASED) PRO SE PLAINTIFF/RESPONDENT

VERSUS

OCHSNER CLINIC FOUNDATION, ET AL.

NO. 24-C-548

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

February 25, 2025

Jalisa Walker
Deputy Clerk

**IN RE** OCHSNER CLINIC FOUNDATION, RUTH E. FOSTER, M.D., TODD E. LAYMAN, M.D., DEREK A. WIERZBICKI, M.D., SAMUEL R. MONEY, M.D., SUMA P. SATTI, M.D., BRIAN C. ERICKSON, M.D., AND WILLIAM J. CARTER, M.D.

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD L. FORET, DIVISION "H", NUMBER 850-348

Panel composed of Judges Fredericka Homberg Wicker,
John J. Molaison, Jr., and Scott U. Schlegel

## WRIT GRANTED, STAY LIFTED, PETITION DISMISSED

This matter is before us on the Writ Application on behalf of Ochsner Clinic Foundation ("Ochsner"), Doctors Ruth E. Foster, Todd E. Layman, Dereck A. Wierzbicki, Samuel R. Money, Suma P. Satti, Brian C. Erickson, and William J. Carter (collectively, the "Doctors"), defendants in a medical malpractice case currently pending in the 24th Judicial District Court, seeking review of the district court's order of October 28, 2024, in which the district court granted defendants' exception of prematurity but declined to dismiss plaintiff-respondent's case without prejudice and, instead granted plaintiff-respondent's request for a stay of the proceedings. Defendants here seek dismissal of the case, which remains pending in the state district court.

24-C-548

On November 22, 2023, Yolanda McPherson ("Ms. McPherson") filed before the Louisiana Patient Compensation Fund (the "PCF") and the Division of Administration, a Request for Medical Review Panel (the "Medical Review Panel Request") (23 MR 01150; PCF File No. 2023-01121), which was received by the PCF on November 28, 2023. Therein, Ms. McPherson claimed that Ochsner and the individual medical treatment providers had committed malpractice in their treatment of her late husband, Lyndon McPherson, and requested review of the care provided to him.

Thereafter, Ms. McPherson, who was proceeding *pro se* and desired to be relieved of the fees required to convene a medical review panel, was informed by the PCF that her request was improperly styled and that in order to be relieved of paying the necessary fees, she would need to obtain a court order permitting her to proceed *in forma pauperis*.

After receiving the PCF's notification of deficiencies in her pleadings, on January 9, 2024, Ms. McPherson, individually and on behalf of her deceased husband, filed a Petition for Damages (the "State Petition") against Ochsner and the Doctors for medical malpractice. In her State Petition, Ms. McPherson alleged the facts underlying the malpractice cause of action on behalf of herself and her deceased husband, but neither alleged pauper status nor sought to proceed *in forma pauperis*.

Next, on January 12, 2024, Ms. McPherson supplemented her Medical Panel Review Request by correspondence to the Division of Administration and received by the PCF on January 16, 2024 (the "Supplement"). In the Supplement, Ms. McPherson set forth her allegations of malpractice against each of the Doctors. Attached to the Supplement was an order (the "USDC Order") entered in Case No. 23-2433 "T"(2), on the docket of the United States District Court for the Eastern District of Louisiana, captioned *Yolanda Hayes McPherson v. Ochsner Health System Skilled Nursing Facility West Campus, et al.,* granting Ms. McPherson's

2

application to proceed *in forma pauperis*. The USDC Order had been entered on December 19, 2023, prior to Ms. McPherson's filing of the State Petition in the 24th JDC. Ms. McPherson's supplemental filing contained no state court order granting pauper status. It is unclear why Ms. McPherson would file her pauper request to the United States District Court, which has no jurisdiction in this matter. Apparently, the PCF accepted the USDC Order and permitted Ms. McPherson to proceed with her Medical Review Panel Request without paying the necessary fees.

On September 17, 2024, while the medical review panel proceedings remained pending, Ochsner and the Doctors filed a Dilatory Exception of Prematurity (the "Exception"), asserting that under La. R.S. 40:1231.8(A)(1)(a) and (B)(1)(a)(i), no suit based on a theory of medical malpractice against a health care provider covered by the Louisiana Medical Malpractice Act may be commenced in any court unless it has been presented to and ruled upon by a medical review panel, by the issuance of a written decision and reasons.[1] Ochsner and the Doctors asserted that because the proceedings before the medical review panel had not been concluded, Ms. McPherson's Petition was premature and should be dismissed, without prejudice. Ms. McPherson did not file an opposition to the Exception.[2]

A hearing was conducted on the Exception (and Dr. Kantrow's exceptions) on October 16, 2024. Ms. McPherson was present at the hearing, representing herself, and stated to the court that she understood the arguments that were being presented by Ochsner and the Doctors. Ms. McPherson did not dispute and does not dispute herein that Ochsner and the Doctors are covered by the provisions of the Louisiana Medical Malpractice Act, La. R.S. 40:1231.1, *et seq.* Ms. McPherson also did not and does not dispute that the claims set out in her State Petition are claims

---

[1] Stephen M. Kantrow, M.D. ("Dr. Kantrow"), who was also named as a defendant in the Petition, separately filed a Dilatory Exception of Prematurity and Declinatory Exception of Insufficiency of Service of Process on September 23, 2024.

[2] She also did not file an objection to Dr. Kantrow's exceptions.

3

for medical malpractice. Nor does Ms. McPherson dispute that her claims must first be submitted to a medical review panel before she may pursue them in state court. At the hearing, Ms. McPherson represented to the district court that the only reason she had filed the State Petition was to enable her to obtain an order permitting her to proceed *in forma pauperis* before the medical review panel so that the required fees would be waived.[3] She stated that she was not going to pursue the lawsuit until the medical review panel proceedings were concluded. However, a review of the official record in this case reveals that no motion to proceed *in forma pauperis* was ever filed in the state court proceedings, nor was pauper status taken up by the trial judge during the October 16, 2024 hearing. The official record of the state court proceedings contains no order granting pauper status.

Following the hearing, the district court granted the Exception but stated that because Ms. McPherson was proceeding *pro se* and really did not know what she was doing, the court was not going to dismiss the Petition, but was only going to grant a stay of the proceedings pending the medical review panel. A judgment to this effect was entered on October 28, 2024 (the "Judgment").[4] Ochsner and the Doctors filed a Notice of Intent to File for Supervisory Writs, which was granted on October 28, 2024. This application timely follows.

In their application (the "Application"), Ochsner and the Doctors contend that the district court erred as a matter of law when it failed to dismiss the State Petition, without prejudice, after granting the Exception. Ms. McPherson has opposed the Application, contending that Ochsner and the Doctors are required to show irreparable harm in order to invoke this Court's supervisory jurisdiction to review

---

[3] We note that Ms. McPherson had obtained the USDC Order permitting her to proceed *in forma pauperis* on December 19, 2023. Thus, there was no apparent reason that she had to file suit in the 24th JDC.

[4] The judgment also granted Dr. Kantrow's exception of insufficiency of service of process and dismissed the State Petition against him.

the granting of the stay. She also contends that the district court did not commit manifest error when it granted the stay rather than dismissing the State Petition, without prejudice.

None of the parties has asserted that the Exception was improperly granted. The sole issue is whether the district court erred in not dismissing the State Petition, without prejudice.

As an initial matter, we reject Ms. McPherson's contention that the applicants are required to demonstrate irreparable harm. The district court's judgment granting a stay of the proceedings pending the conclusion of the medical review panel is an interlocutory judgment that does not determine the merits but only preliminary matters. La. C.C.P. art. 1841; *Burguieres v. Burguieres,* 314 So.2d 411 (La. App. 4th Cir.), *writ denied,* 314 So.2d 735 (1975). An application for supervisory writs is the proper manner to seek review of an interlocutory judgment. *Cole v. Cole,* 07-504, p. 4 (La. App. 5 Cir. 10/30/07), 971 So.2d 1185, 1188.

Ochsner and the Doctors have alleged that the district court made a reversible error of law which is subject to *de novo* review. We agree. La. C.C.P. 933(A) provides, in pertinent part that "[i]f the dilatory exception pleading prematurity is sustained, the premature action, claim, demand, issue or theory **shall be dismissed.**" (Emphasis added). This language is mandatory. It is well-settled that if a court maintains an exception of prematurity, the suit must be dismissed and that the trial court has no jurisdiction to act further in the matter. *City Inv. Co. v. Williams,* 171 La. 848, 851, 132 So. 367 (1931); *Bank of St. Charles & Trust Co. v. Ransome,* 343 So.2d 1206, 1207 (La. App. 4th Cir. 1977); *Duncan v. Duncan,* 359 So.2d 1310, 1311 (La. App. 1st Cir. 1978). Thus, once the district court granted the Exception, it was required to dismiss the Petition. Revision comment (c) to La. C.C.P. art. 933 provides, however, that the dismissal on an exception of prematurity is without prejudice to the plaintiff's right to bring the action anew when matured. Thus, the

dismissal in this case does not prevent Ms. McPherson from refiling her suit within the delays provided in La. R.S. 40:1231.8 once the medical review panel is concluded.[5]

For these reasons, the writ is granted, the decision of the district court granting a stay of the proceedings in favor of Ms. McPherson is reversed and the Petition for Damages filed by Ms. McPherson on January 9, 2024 is dismissed, without prejudice.

Gretna, Louisiana, this 25th day of February, 2025.

**FHW**
**JJM**
**SUS**

---

[5] Had Ms. McPherson filed a petition in state court to proceed *in forma pauperis,* a stay may have been appropriate. La. R.S. 40:1231.8 (A(1) (d)(ii) provides that in order to proceed *in forma pauperis* before the PCF a claimant must provide:

> (ii) An in forma pauperis ruling issued in accordance with Code of Civil Procedure Article 5181 et seq. by a district court in a venue in which the malpractice claim could properly be brought upon the conclusion of the medical review panel process.

The claimant before the PCF, then, may file a petition in the state district court of proper venue a petition to proceed before the PCF *in forma pauperis.* In the matter before us, however, we have nothing to indicate that Ms. McPherson filed a petition in the state district court of proper venue seeking to proceed before the PCF *in forma pauperis* pursuant to La. C.C.P. Arts. 5181, *et seq.*; rather, she filed a petition alleging medical malpractice, seeking to proceed in district court on the merits. Therefore, as no *in forma pauperis* status issue with its attendant potential for an eventual accounting proceeding pursuant to La. C.C.P. art 5186 remains outstanding in the state district court of proper venue, there is no basis upon which the State Petition in this matter should be stayed rather than dismissed.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **02/25/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-548**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald L. Foret (DISTRICT JUDGE)
John B. Cazale, V (Relator)
Joshua J. Spencer (Relator)

### MAILED

Bryan J. Knight (Respondent)
Attorney at Law
201 St. Charles Avenue
Suite 3700
New Orleans, LA 70170

Yolanda McPherson (Respondent)
In Proper Person
5848 Lacombe Avenue
Marrero, LA 70072

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

# OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy)  $ _____
- ☐ Return Receipt (electronic)  $ _____
- ☐ Certified Mail Restricted Delivery  $ _____
- ☐ Adult Signature Required  $ _____
- ☐ Adult Signature Restricted Delivery  $ _____

Postmark
Here

Postage

Bryan J. Knight
Attorney at Law
201 St. Charles Avenue
Suite 3700
New Orleans, LA 70170
24-C-548                              02-25-25

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee |
| 1. Article Addressed to:<br><br>Bryan J. Knight<br>Attorney at Law<br>201 St. Charles Avenue<br>Suite 3700<br>New Orleans, LA 70170<br>24-C-548          02-25-25 | B. Received by (Printed Name)   \| C. Date of Delivery<br><br>D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |

9590 9402 2434 6249 3593 93

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☑ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☑ Return Receipt for Merchandise |
| ☐ Collect on Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery Restricted Delivery | ☐ Signature Confirmation Restricted Delivery |
| ☐ Insured Mail | |
| ☐ Insured Mail Restricted Delivery (over $500) | |

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8841

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt